OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of reckless endangerment in the second degree (Penal Law § 120.20), a class A misdemeanor, after a jury trial. Defendant, a hospital volunteer, disconnected the life support of an AIDS patient in the belief that he had been healed by prayer. Although she was arraigned on a felony complaint charging her with reckless endangerment in the first degree, the Grand Jury filed an indictment charging defendant with the misdemeanor of second degree reckless endangerment.
Defendant argues on appeal that the People were required *911 to be ready for trial within 90 days of the filing of the misdemeanor indictment. CPL 30.30 (5) (c) provides that "where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument.” CPL 30.30 (1) (b) provides that the People must be ready for trial within 90 days of the commencement of a criminal action in which the underlying offense is a misdemeanor punishable by a sentence of imprisonment of more than three months. The People contend that because the defendant was arraigned on a felony complaint which was replaced with a misdemeanor indictment — an accusatory instrument not specified in CPL 30.30 (5) (c) — they had six months to answer ready for trial (see, CPL 30.30 [1] [a]). The Trial Judge and the Appellate Division held that the six-month period was applicable, and we now affirm.
The language of CPL 30.30 (5) (c) omits misdemeanor indictments from the list of accusatory instruments that will trigger the application of the shorter 90-day speedy trial period. Despite this omission, defendant argues that the Legislature intended to make a distinction for speedy trial purposes between felonies and lesser offenses and that, consequently, the 90-day period should apply when a felony complaint is replaced with a misdemeanor indictment. This, however, is contrary to the clear language of the statute. We have held that a statute " 'must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise’.” (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548-549, quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639.)
Further, we cannot assume, as defendant urges, that the Legislature’s failure to list misdemeanor indictments along with the other accusatory instruments enumerated in CPL 30.30 was unintentional. "The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended” (Pajak v Pajak, 56 NY2d 394, *912 397, citing McKinney’s Cons Laws of NY, Book 1, Statutes § 74). The Legislature did not provide for the contingency that is the subject of this appeal and we must conclude that its failure in this regard was deliberate. Thus, because this action was commenced by defendant’s arraignment on a felony complaint, and because CPL 30.30 (5) (c) is inapplicable, the People had six months in which to be ready for trial. Defendant was therefore not deprived of her right to a speedy trial.
We have considered defendant’s remaining argument, and we find it to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.