OPINION OF THE COURT
William H. Bristol, J.
In May 1990, a Sweden Town Court jury found Arthur J. Bielewicz, the defendant, guilty of two counts of sexual mis *568 conduct (Penal Law § 130.20 [1], [2]) and one count of sexual abuse in the second degree (Penal Law § 130.60 [1]). On July 18, 1990, the Hon. Robert W. Northrup sentenced the defendant to three months in jail for each sexual misconduct conviction, these sentences to be served concurrently, and to another three months in jail for sexual abuse in the second degree to be served consecutively to the first sentence.
Penal Law § 130.20 (2) provides that a person is guilty of sexual misconduct when he engages in deviate sexual intercourse with another person without the latter’s consent. Penal Law § 130.00 (2) defines "deviate sexual intercourse” to mean "sexual conduct between persons not married to each other consisting of contact between * * * the mouth and the penis” (emphasis added). Here the testimony viewed in a light most favorable to the prosecution (People v Contes, 60 NY2d 620) establishes that when defendant’s crotch came in contact with the complaining witness’s face, the defendant was wearing underwear without holes or openings. Indeed, the People so concede.
But the People argue "that the touching or contact was through clothing is of no moment” and cite numerous cases involving charges of sexual abuse, all of which deal not with "contact”, which is an element of sexual misconduct, but rather with "sexual contact”, which is an element of sexual abuse. In essence, the prosecutor asks this court to do what the Legislature has chosen not to do when it enacted the statutory scheme in Penal Law article 130 by defining contact to mean sexual contact.
Penal Law article 130 ranks the relative seriousness of a variety of sexual conduct based, in part, on the nature of the touching. It distinguishes "contact” — "the union or junction of surfaces” (Webster’s New Collegiate Dictionary [1980]) — from "sexual contact” — "touching * * * whether directly or through clothing” (Penal Law § 130.00 [3]). Thus, actual "contact” involved with sexual conduct is generally deemed more serious than "sexual contact”. When it enacted this legislative scheme the Legislature went out of its way to define "sexual contact” to have a broader meaning than the word "contact” usually has. It specifically defined that type of conduct to include touching "whether directly or through clothing”. The Legislature failed to include this specific definition within the meaning of deviate sexual intercourse. Rather, to constitute "deviate sexual intercourse” the Legislature defined the act as "consisting of contact”, etc. The failure of the Legislature to *569 include a matter within the particular statute is an indication that its exclusion was intended. (People v Tychanski, 78 NY2d 909, 911-912 [1991].) Indeed, the Court of Appeals has written: "We have held that a statute ' "must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise”.’ (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548-549, quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639).” (People v Tychanski, supra, at 911.)
Although the Legislature could have defined the contact necessary for deviate sexual intercourse to include contact through clothing, it did not do so. This court must infer, therefore, that the Legislature intended that contact through clothing would constitute only an element of sexual abuse (Penal Law § 130.65 et seq.), but not an element of deviate sexual intercourse. It should be noted that such an interpretation is not a hypertechnical or strained interpretation of the statute but rather it "falls within the plain, natural meaning of the language of a Penal Law provision”. (People v Ditta, 52 NY2d 657, 660 [1981].) Since the only proof at trial showed contact between the victim’s face and the clothing of the defendant, the proof on this count of the information was legally insufficient to support the conviction for sexual misconduct (Penal Law § 130.20 [2]).
CONCLUSION
For the above-stated reasons the defendant’s convictions must be, and hereby are, reversed. The case is remanded to Sweden Town Court for further proceedings not inconsistent with this decision.