OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, motion to dismiss the accusatory instrument pursuant to CPL 30.30 denied, accusatory instrument charging defendant with attempted assault in the third degree and harassment reinstated, and matter remanded to the court below for further proceedings.
On August 12, 1993, defendant was initially charged in a felony complaint with assault in the second degree, assault in the third degree, criminal possession of a weapon in the fourth degree and harassment. On October 25, 1993 the felony charge was dismissed and the accusatory instrument was converted to a misdemeanor complaint. Defendant was faced with two class A misdemeanors and a violation. On February 3, 1994 one of the class A misdemeanors was dismissed and the other class A misdemeanor reduced to attempted assault in the third degree, a class B misdemeanor.
The issue presented on appeal is whether the People were required to be ready for trial within 90 days from the date the felony charge was dismissed and the instrument converted to a misdemeanor complaint or 60 days therefrom.
CPL 30.30 (5) provides: ”[WJhere a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 * * * the period applicable * * * must be the period applicable * * * from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time * * * already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed” (CPL 30.30 [5] [c]).
As previously indicated, on February 3,1994, one of the class A misdemeanors was dismissed and the remaining charge reduced to a class B misdemeanor. However, it is evident that *776 CPL 30.30 (5) (c) does not apply to reduction of an A misdemeanor to a B misdemeanor so as to modify the speedy trial time period from 90 days to 60 days, and the Legislature failed to address the specific situation herein involved. The omission is an indication that its exclusion was intended (People v Tychanski, 78 NY2d 909). In such an instance, the court may not give a statute a reading which would include matters not contemplated by the Legislature in its enactment of the statute (People v Tychanski, supra).
Since the felony charge was "reduced” within the meaning of CPL 180.50 to a nonfelony offense charging defendant with a class A misdemeanor, CPL 30.30 (5) (c) applies for the purpose of modifying the original speedy trial time period. The People are limited to either the 90-day period applicable to the charge in the new accusatory instrument calculated from the date of filing the new instrument, or the balance of the six-month period calculated from the filing of the original felony complaint, whichever period is shorter (CPL 30.30 [5] [c]). Inasmuch as only 66 days are chargeable to the People, the speedy trial time period would not have run when the People announced their readiness in open court on February 3, 1994.
Furthermore, there is nothing contained in the record which establishes that the charges were baseless or that the People acted in bad faith when the remaining class A misdemeanor was reduced to a class B misdemeanor.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.