OPINION OF THE COURT
 

 Ciparick, J.
 

 On July 24, 1992, the People filed a misdemeanor complaint in Criminal Court charging defendant with two counts of driving while intoxicated
 
 (see,
 
 Vehicle and Traffic Law § 1192 [2]; § 1192 [3]). Upon learning from defendant’s criminal history report that he had been convicted in 1985 for driving while intoxicated, the People served notice on defendant at his arraignment of their intention to submit felony charges to a Grand Jury
 
 (see,
 
 CPL 170.20). The People subsequently replaced the misdemeanor complaint with an instrument charging defendant with two felony counts of driving while intoxicated
 
 (see,
 
 Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]). Defendant was thereafter indicted and, after a jury trial, convicted of driving while intoxicated as a felony. Defendant was sentenced to five years’ probation, the conditions of which included paying a $1,000 fine, entering an alcohol treatment program, selling his car, and surrendering his license for a period of 10 years.
 

 
 *294
 
 Defendant’s sole argument on this appeal is that the People violated the speedy trial statute (see, CPL 30.30 [1]). Specifically, defendant contends that the People were obligated to announce their readiness for trial within 90 days of the action’s commencement because the action was commenced by the filing of a misdemeanor complaint, notwithstanding the action’s subsequent conversion to a felony case. The People acknowledge that they failed to answer ready within 90 days of the action’s commencement, but argue that they complied with the speedy trial statute by answering ready within the six-month period applicable to felony prosecutions. For the following reasons, we agree with the People.
 

 Initially, and most importantly, the statutory language supports the People’s contention that they had six months to prepare for the felony trial, even though the action was commenced by the filing of a misdemeanor complaint. According to the speedy trial statute, the People must answer ready for trial within six months of "the commencement of a criminal action wherein a defendant is accused of * * * a felony” (CPL 30.30 [1] [a]) or within 90 days of "the commencement of a criminal action wherein a defendant is accused of * * * a misdemeanor punishable by a sentence of imprisonment of more than three months” (CPL 30.30 [1] [b]). As the Appellate Division aptly observed, "the phrase, 'commencement of a criminal action’ is used only as a starting point for the People’s time to be ready. The determinative factor is not the initial charge but the level of crime with which the defendant is ultimately 'accused’ and for which he is prosecuted”
 
 (People v Cooper,
 
 219 AD2d 426, 430). When the People in this case filed a felony instrument superseding the misdemeanor complaint, defendant was "accused of * * * a felony” and the People were then entitled to the full six-month period (measured from the action’s July 24th commencement) to prepare for the felony trial
 
 (see,
 
 CPL 1.20 [16], [17]).
 

 We reject defendant’s argument that a contrary holding is dictated by our decision in
 
 People v Tychanski
 
 (78 NY2d 909). In
 
 Tychanski,
 
 this Court held that the People were entitled to six months, not 90 days, when the original accusatory instrument, a felony complaint, was subsequently replaced with a misdemeanor indictment. The Court emphasized that the Legislature had squarely addressed this felony-to-misdemeanor situation in CPL 30.30 (5) (c), providing that the conversion from a felony to a misdemeanor would reduce the readiness period
 
 in specified situations
 
 from six months to 90 days, with
 
 *295
 
 the 90-day period measured from the filing of the new instrument. Concluding that the Legislature had deliberately omitted misdemeanor indictments from the category of subsequent accusatory instruments that would serve to reduce the speedy trial period from six months to 90 days, the Court held that the six-month period continued to apply
 
 (see, Tychanski, supra,
 
 78 NY2d, at 912).
 

 This case represents the converse of the situation presented in
 
 Tychanski
 
 — here, the initial misdemeanor action was subsequently converted into a felony prosecution. With respect to this misdemeanor-to-felony situation, the statute is silent; there is no statutory analogue to the felony-to-misdemeanor provision of CPL 30.30 (5) (c). Consequently, the
 
 exclusio unius
 
 rationale applied in
 
 Tychanski
 
 is inapplicable to the case on appeal, and we decline to extend
 
 Tychanski
 
 in a manner inimical to the plain language of CPL 30.30 (1).
 

 Finally, we note that the speedy trial statute embodies the Legislature’s measured determination that the People are entitled to six months to prepare for a felony trial. To accept defendant’s argument in this case would penalize the People by reducing their felony trial preparation by three months based simply on the fortuity that the defendant was originally charged with a misdemeanor. We decline to reach such an anomalous result.
 

 The order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
 

 Order affirmed.