OPINION OF THE COURT
Darrell L. Gavrin, J.
The defendant is charged, on docket No. 97Q031966, with violating Penal Law §§ 110.00 and 240.30 (1) and (2), attempted aggravated harassment in the second degree, and two counts of Penal Law § 240.26 (1), harassment in the second degree; on docket No. 97Q033543, with violating Penal Law §§ 110.00 and 215.50 (3), attempted criminal contempt in the second degree, Penal Law §§ 110.00 and 120.00 (1), attempted assault in the third degree, and Penal Law § 240.26 (1), harassment in the second degree; and on docket No. 97Q036048, with violating *1004 Penal Law §§ 110.00 and 215.50 (3), attempted criminal contempt in the second degree, Penal Law §§ 110.00 and 240.30 (1) and (2), attempted aggravated harassment in the second degree, and Penal Law § 240.26 (3), harassment in the second degree. All three dockets have been consolidated for trial.
Pursuant to CPL 30.30, defendant moves for an order dismissing the charges based upon the People’s failure to bring this matter to trial within the required statutory time period, which in the instant matter is 90 days.
This is a case of apparent first impression before this court, in that the court has found no appellate guidance in determining the black-letter rule when dealing with speedy trial calculations on dockets consolidated for trial.
CPL 30.30
It is axiomatic that the criminal action is commenced by the filing of the first accusatory instrument in a criminal court. (CPL 1.20 [17]; People v Lomax, 50 NY2d 351 [1980].) Except for periods of excludable delay, the proscribed period continues to run until the People state their present readiness for trial. (People v Kendzia, 64 NY2d 331 [1985].)
Pursuant to People v Somersell (166 Misc 2d 774 [App Term, 2d Dept 1995]), CPL 30.30 (5) (c) does not apply to the reduction from a class A to a class B misdemeanor so as to modify the applicable speedy trial period from 90 to 60 days. Thus, since the defendant was originally charged with class A misdemeanors on all three dockets, the People must answer ready for trial on each docket within 90 days of the commencement of each action (CPL 30.30 [1] [b]).
For the defendant to raise speedy trial as a basis for a motion for dismissal, he must be able to demonstrate the existence of a delay in trial greater than the statutory period allotted. Once shown, the burden of proof that certain segments of time within the period are excludable falls squarely on the People. (People v Berkowitz, 50 NY2d 333 [1980]; People v Kendzia, supra.)
In conclusory fashion, defendant contends that in excess of 90 days, inclusive of time periods prior to the consolidation of the three dockets, are chargeable to the People. The People concede that either 74 or 78 days are chargeable, as measured from the filing of the oldest docket of the three consolidated dockets in this matter (docket No. 97Q031966).
The People cite no authority for their proposition that “for purposes of 30.30 time, calculations of readiness of Docket *1005 #97Q031966 (the oldest docket of the three) controls”. (See, affirmation of Assistant District Attorney Otto, at 1.) Upon review of the applicable case law, this court has found no authority for selecting the oldest docket as the starting point for measuring speedy trial readiness on dockets which have been consolidated for trial.
In the instant case, the court opines that it would be illogical to “relate back” to the oldest docket, for purposes of speedy trial calculations and to calculate the chargeable time relying solely on the markings of the oldest docket. This conclusion is supported by the fact that the allegations contained in the two later dockets occurred subsequent to those alleged in the initial complaint and could not have been brought at the time of the filing of the initial complaint against the defendant. Moreover, the three dockets at bar were not all converted to misdemeanor informations at the same point in the criminal prosecution. Accordingly, pursuant to People v Minor (144 Misc 2d 846 [App Term, 2d Dept 1989]), this court will separately analyze the People’s readiness on the charges contained in each of the three dockets. (See also, People v Clinton, 152 Misc 2d 555 [Crim Ct, Kings County 1991].) After reviewing the papers submitted in support of the motion, the People’s opposition thereto, the court records and the applicable case law, the court makes the following speedy trial calculation:
Docket No. 97Q031966—July 14, 1997-July 28, 1997
A complaint and summons was executed and witnessed before the Honorable Joseph A. Grosso on July 14, 1997. The case was assigned docket No. 97Q031966, and made returnable for service upon the defendant in Part AR-2A (DAT) on July 28, 1997. For speedy trial purposes, this time period is excludable. A summons does not commence a criminal action, but merely mandates a defendant’s appearance in response thereto, much in the same manner as a desk appearance ticket. (See, CPL 130.10.) Accordingly, speedy trial time does not begin to run until the defendant’s appearance and arraignment in court. (CPL 30.30 [5] [b].)
Docket No. 97Q033543^Iuly 23, 1997-July 28, 1997
On July 23, 1997, the defendant was arraigned on docket No. 97Q033543. The People announced ready on the information, and the matter was adjourned to Part AP-5 for July 28, 1997 to join the summons and complaint on docket No. 97Q031966. This period is excludable pursuant to CPL 30.30 (4) (a).
*1006 Docket Nos. 97Q031966 and 97Q033543—July 28, 1997-August 1, 1997
On July 28, 1997, docket No. 97Q031966 was sent forthwith from AR-2A to Part AP-5 to join docket No. 97Q033543. Defendant was arraigned on both dockets in Part AP-5, and the matter was adjourned for the defendant to be fingerprinted. The People have not alleged that they were ready on this date, nor demonstrated any entitlement to an exclusion for this period of time. Accordingly, this period of four days will be charged to the People.
Docket Nos. 97Q031966 and 97Q033543—August 1, 1997-August 21, 1997
On August 1, 1997, the above two cases were adjourned until August 21, 1997 for the People to provide open-file discovery on both dockets. This period is excludable pursuant to CPL 30.30 (4) (a).
Docket No. 97Q036048—August 8, 1997-August 11, 1997
Defendant was arraigned on docket No. 97Q036048 on August 8, 1997. The People did not have a supporting deposition from one of the complainants, William Hurley, and the matter was adjourned to Part AP-5 for August 11, 1997 to join the defendant’s other cases. Accordingly, this period of three days will be charged to the People on docket No. 97Q036048.
Docket No. 97Q036048—August 11, 1997-August 21, 1997
On August 11, 1997, the People still did not have a supporting deposition from complainant William Hurley, the matter was further adjourned for August 21, 1997 to join the defendant’s other cases. Accordingly, this period of 10 days will be charged to the People on docket No. 97Q036048.
Docket Nos. 97Q031966, 97Q033543 and 97Q036048— August 21, 1997-September 4, 1997
On August 21, 1997, the defendant did not appear, and a bench warrant was stayed. This period is excludable pursuant to CPL 30.30 (4) (c).
Docket Nos. 97Q031966 and 97Q033543—September 4, 1997-October 14, 1997
On September 4, 1997, the People announced ready on docket Nos. 97Q031966 and 97Q033543, and the case was adjourned *1007 to October 14, 1997 in Part JP-1 for a jury trial. This period is excludable pursuant to CPL 30.30 (4) (a).
Docket No. 97Q036048—September 4, 1997-September 19, 1997
On September 4, 1997, the People still did not have a supporting deposition from complainant William Hurley, the matter was further adjourned for September 19, 1997 for the People to obtain the required corroborating affidavit. Accordingly, this period of 15 days will be charged to the People on docket No. 97Q036048.
Docket No. 97Q036048—September 19, 1997-October 14, 1997
On September 19, 1997, the People handed up the necessary supporting deposition of William Hurley. The matter was deemed an information, and the People announced ready. The matter was adjourned for the People to provide open-file discovery on this matter, and to join defendant’s other two open dockets in Part JP-1 for a jury trial. This period is excludable pursuant to CPL 30.30 (4) (a).
Docket Nos. 97Q031966, 97Q033543 and 97Q036048—
October 14, 1997-October 31, 1997
On October 14, 1997, the People moved to reduce the charges on all three dockets to class B misdemeanors, and to consolidate the dockets for trial. The People’s oral application was granted by the Honorable Roger N. Rosengarten. The People announced ready for a bench trial, and the matter was adjourned to Part AP-5 for October 31, 1997. This period is excludable pursuant to CPL 30.30 (4) (a).
Docket Nos. 97Q031966, 97Q033543 and 97Q036048—
October 31, 1997-December 3, 1997
On October 31, 1997, the People were not ready for a bench trial, and the matter was adjourned to December 3, 1997. Accordingly, this period of 33 days will be charged to the People.
Docket Nos. 97Q031966, 97Q033543 and 97Q036048—
December 3, 1997-January 13, 1998
On December 3, 1997, the People were not ready for a bench trial, and the matter was adjourned to January 13, 1998. Accordingly, this period of 41 days will be charged to the People.
*1008 Docket Nos. 97Q031966, 97Q033543 and 97Q036048—
January 13, 1998-February 24, 1998
On January 13, 1998, the People announced ready, and the defense announced ready. There were no available Parts for the bench trial, and the case was adjourned by the Judge presiding to February 24, 1998. This period is excludable pursuant to CPL 30.30 (4) (a).
Docket Nos. 97Q031966, 97Q033543 and 97Q036048—
February 24, 1998-March 20, 1998
On February 24, 1998, the defendant was not present in court, and a bench warrant was stayed. The court adjourned the matter to March 20, 1998 for the defendant’s appearance and for a decision on the instant speedy trial motion. This period is excludable pursuant to CPL 30.30 (4) (a) and (c).
Accordingly, this court finds that on docket Nos. 97Q031966 and 97Q033543, there are 78 days of chargeable speedy trial time, and defendant’s motion to dismiss these dockets, pursuant to CPL 30.30 is, in all respects, denied. On docket No. 97Q036048, this court finds that there are 102 days of chargeable speedy trial time, and defendant’s motion to dismiss docket No. 97Q036048, on statutory speedy trial grounds, is granted. For clarification, the remaining dockets, No. 97Q031966 and No. 97Q033543, remain consolidated for trial.