OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This case presents a question of seeming first impression within the context of a motion to dismiss the information on the ground that defendant has been denied his statutory right to a speedy trial under CPL 30.30 (1) (c). The question is this: *466 where the People initiate a prosecution with the filing of a class B misdemeanor, subsequently replace it with a class A misdemeanor, and still later reduce the top count to a class B misdemeanor, restoring it to the charge leyel at which the prosecution began, is the operative speedy trial period the 90 days accorded a class A misdemeanor under CPL 30.30 (1) (b) or the 60 days permitted for a class B. misdemeanor under CPL 30.30 (1) (c)? This question requires particular examination of the present application of People v Cooper (90 NY2d 292 [1997]).
For the reasons which follow, the court concludes that the governing period should be 60 days pursuant to CPL 30.30 (1) (c). Accordingly, in view of the People’s concession that 83 days of chargeable time have elapsed since the inception of this prosecution, the motion to dismiss the information for denial of defendant’s statutory right to a speedy trial should be granted.
INTRODUCTION
The relevant history of this prosecution follows. On December 24, 1998, defendant was arraigned on a misdemeanor complaint charging him with the class B misdemeanors of harassment in the first degree (Penal Law § 240.25) and public lewdness (Penal Law § 245.00). The matter was adjourned to January 21, 1999 for conversion of the complaint to an information and for further proceedings. On January 11, 1999, off calendar, the People properly served upon defense counsel and the court a supporting deposition, thus converting the complaint to an information, as well as a certificate of trial readiness.
On January 21, 1999, the People had no file in court, and the matter was adjourned to January 28, 1999. On January 27, 1999, the date when this case was next heard in court, the People served upon defendant and filed with the court a misdemeanor complaint charging defendant with four counts of the class A misdemeanor of endangering the welfare of a child (Penal Law § 260.10 [1]), four counts of harassment in the first degree (Penal Law § 240.25), three counts of harassment in the second degree (Penal Law § 240.26 [2]), one other count of harassment in the second degree (Penal Law § 240.26 [1]), and one count each of public lewdness (Penal Law § 245.00) and unauthorized possession of handcuffs/thumb cuffs/leg irons *467 (Administrative Code of City of NY § 10-147 [a]).[1] The harassment, public lewdness and Administrative Code charges are either class B misdemeanors or violations. The People simultaneously filed a supporting deposition converting the complaint to an information. Defendant was arraigned thereon and the matter adjourned.
Following lengthy intervening proceedings, on March 8, 2000 this case was first heard in this court part. On that day, the court granted the People’s motion to dismiss the Administrative Code offense and one count of harassment in the first degree, and to reduce the class A misdemeanor of endangering the welfare of a child count to an attempt to commit that crime, a class B misdemeanor. The remaining charges were not altered. The effect of the reduction was to restore the charges to the class B misdemeanor level at which this prosecution commenced nearly 15 months earlier.
The People reported to the court that they were not then ready to proceed, and the matter was adjourned for trial the next day. On March 9, 2000, defense counsel informed the People and the court that he believes that this case should be dismissed on speedy trial grounds. After conference, the parties reached an agreement, detailed below, that the issues dividing them are limited. The court then set a schedule for legal memoranda from both parties. Defendant has filed a memorandum of law dated March 20, 2000. The People have filed a memorandum of law dated March 17, 2000.
THE POSITIONS OF THE PARTIES
Recognizing the limited issues here involved, the parties have reached helpful procedural and factual agreement in the following detail. First, the People have waived their statutory right under CPL 210.45 (1) and 170.45 to be served with moving papers on this motion. Second, the parties concur that this court must first determine whether the law requires the People in this case to be ready for trial within 60 days or 90 days from commencement of the criminal action. Third, the People concede that 83 days of chargeable time have elapsed, thus precluding their successful opposition to the instant motion should the court determine that the applicable speedy trial barometer is the 60-day allocation under CPL 30.30 (1) (c). *468 Fourth, the parties report that they are in dispute as to the speedy trial status of only one adjournment in this extended prosecution: the 16-day period from January 11, 1999 to January 27, 1999.[2] Thus, the parties agree that should the court find that the applicable speedy trial barometer is the 90-day allocation under CPL 30.30 (1) (b), determination of the speedy trial status of the January interval will resolve this motion.
Defendant’s Position
Defendant presents two arguments. First, he submits that People v Cooper (90 NY2d 292, supra) contains unequivocal language stating that the determinative factor regarding the governing speedy trial period is not the initial charge but rather the charge on which defendant is finally prosecuted, which in this case is a class B misdemeanor, with a 60-day period applicable. Further, defendant urges that Cooper is controlling here because there is no statutory authority on point, and the Court of Appeals in People v Tychanski (78 NY2d 909 [1991]) and the Appellate Term in People v Sommersell (166 Misc 2d 774 [App Term, 2d Dept 1995], lv denied 88 NY2d 886) have refused to extend CPL 30.30 beyond its specified provisions. Accordingly, defendant argues that this court similarly should not enlarge that statute beyond its text.
Second, defendant anticipates and addresses the argument that the People should not be penalized for the election to reduce the charge by retroactively applying the initial CPL 30.30 allotted time period. Defendant distinguishes Sommersell (supra) and People v Byrd (124 Misc 2d 987 [1984] [which both held that upon reduction of a class A misdemeanor to a class B misdemeanor, the speedy trial period was not reduced from 90 to 60 days]) by noting that each of those cases, unlike the case at bar, concerned reductions of initial felony charges to misdemeanor level. Defendant avers that the retroactivity argument fails in the situation at bar because the charge level has come *469 “full circle” back to the class B misdemeanor level at which this case began.[3]
The People’s Position
The People contend that while People v Cooper (supra) remains valid law, it does not apply to the instant facts. The People first argue that Cooper does not alter the holding of Sommersell (supra), which provides that the speedy trial period for a class B misdemeanor charge resulting from a reduction of a class A misdemeanor charge is 90 days.[4] Similarly, the People urge that Cooper does not implicitly create a contrary rule, since it addressed a factual picture opposite to that at bar.
Second, the People argue that were the final charge criterion applied in Cooper (supra) to be found here governing, such holding would overrule Tychanski (supra), which held that the applicable speedy trial period for a misdemeanor resulting from an original felony charge is six months and not the lower misdemeanor period. The People submit that a general proposition of law must emerge from Cooper read in conjunction with Tychanski — i.e., that when charges are either reduced or increased, the People get the longer of the two statutory periods at issue unless the text of CPL 30.30 provides to the contrary.
Third, the People aver that the ultimate charge language of Cooper (supra) contravenes the language of CPL 30.30 in that the mere existence of CPL 30.30 (5) (c) implies that such a test does not apply to all charge reductions, but to only those reductions enumerated in the statute.
Finally, the People contend that retroactive application of the 60-day class B misdemeanor period would unfairly restrict the People’s acknowledged discretion to reduce charges, would require the People to reduce a misdemeanor case before 60 days have elapsed, and would deny the People the benefit of use of new case evaluation or other factors not known at the time of original charging.[5]
THE LEGAL ANALYSIS
While the general principles of law governing speedy trial are familiar, there is no apposite precedent for the instant *470 reduction situation. As noted above, an accusatory instrument charging a class A misdemeanor must be dismissed when the People are not ready for trial within 90 days of the commencement of the criminal action (CPL 30.30 [1] [b]), as must an instrument charging a class B misdemeanor where the People are not trial ready within 60 days of such commencement (CPL 30.30 [1] [c]). Too, where a felony charge is reduced to a class A misdemeanor level pursuant to CPL 180.50 and is later further reduced to class B misdemeanor level, the Appellate Term has held that the statutory provision of CPL 30.30 (5) (c) controls— giving the People the shorter period of six months from inception of the prosecution or 90 days from the date of reduction to misdemeanor level — and that subsequent reduction from class A to class B misdemeanor level does not modify the speedy trial period from 90 days to 60 days. (People v Sommersell, 166 Misc 2d 774, supra.)[6]
Too, where a felony complaint is succeeded by an indictment charging a misdemeanor, the Court of Appeals has ruled that since a misdemeanor indictment is not included in the CPL 30.30 (5) (c) list of accusatory instruments that will trigger application of the shorter 90-day speedy trial period, the People had six months in which to be ready for trial (People v Tychanski, supra).[7]
*471 There is, however, neither statutory nor direct decisional definition of the speedy trial period which should obtain in a case such as this one, where the initial level charge is first elevated and later restored upon motion of the People. Rather, resolution of this unique question turns on application of analogous precedent, common sense and basic fairness.
Where the initial charge is a class A misdemeanor which is later reduced to a class B misdemeanor, courts have divided over whether the speedy trial period should be 90 days under CPL 30.30 (1) (b) or 60 days under CPL 30.30 (1) (c). The weight of nisi prius authority is that such a reduction does not warrant concomitant lessening of the governing speedy trial time. (People v Jaswinder, 165 Misc 2d 371 [Crim Ct, NY County 1995]; People v Stateikin, 163 Misc 2d 517 [Crim Ct, Kings County 1994]; People v Derosier, NYLJ, Oct. 27, 1994, at 29, col 3 [Crim Ct, NY County]; contra, People v Bernard, 129 Misc 2d 1083 [Crim Ct, Queens County 1985] [which held that the 60-day period governs, since the filing of the lesser charge is the determinative one];[8] People v England, NYLJ, Mar. 27, 1981, at 13, col 1 [Crim Ct, NY County] [where People moved to elevate original class B misdemeanor charge to class A misdemeanor after defendant moved to dismiss the former charge on ground that 60-day speedy trial period had elapsed, dismissal granted].)
The rationale relied on by several of the courts which have denied a reduction of speedy trial readiness time is that the *472 applicable speedy trial statutory provision is determined by the highest charge filed at the time of the commencement of the criminal action. (People v Palmer, NYLJ, Aug. 31, 1993, at 22, col 3 [Crim Ct, NY County]; People v Derosier, supra; People v Matute, supra;[9] see also, People v Stateikin, supra, at 524.)
The Court of Appeals appears to have invalidated that premise, however, in People v Cooper (90 NY2d 292, supra), holding that it is the final charge on which defendant is prosecuted that determines the applicable readiness period. In that case, a misdemeanor complaint charging driving while intoxicated was succeeded by an indictment charging the same crime as a felony. The Court of Appeals held that in such a situation defendant stood accused of a felony, entitling the People to a six-month readiness period measured from the date of the filing of the misdemeanor complaint. Significantly, the Court cited with approval the language of the Appellate Division in the same case that “ ‘the phrase, “commencement of a criminal action” is used only as a starting point for the People’s time to be ready. The determinative factor is not the initial charge but the level of crime with which the defendant is ultimately “accused” and for which he is prosecuted’ ” (People v Cooper, supra, at 294, quoting People v Cooper, 219 AD2d 426, 430). Indeed, one court confronting an issue similar — though not identical to — the one at bar has noted that “it would appear that the broad language of this conclusion is unambiguous and applicable to the issue at bar” (People v Moore, NYLJ, July 5, 1996, at 29, cols 5, 6 [Crim Ct, Bronx County 1996]).[10]
*473 That observation appears sound, as the language of Cooper (supra) is sweeping and seemingly without qualification. Were that standard applied here, as it apparently should, the motion to dismiss must be granted. In resolving the instant motion, however, it is not necessary to decide whether it is the initial or final level charge which controls, since in this case they are the same: a class B misdemeanor, bringing with it a 60-day period. Thus, under either barometer, the People have failed to timely declare their trial readiness.
Finally, no authority has been located for the proposition that where the People elevate and later restore the initial charge, the higher level charge prevails in setting the readiness period. Indeed, such a holding would contravene public policy. That is, illustratively, a prosecutor nearing the end of a 60-day readiness period with no prospect of being ready for trial within that period could instantly enlarge his/her speedy trial period by one third merely by upgrading the top charge to a class A misdemeanor, all the while knowing that the true intent is to reduce the charge to a class B misdemeanor for trial. Such a practice should not be countenanced.[11]
CONCLUSION
For the foregoing reasons, defendant’s motion for an order dismissing the information on the ground that he was denied his statutory right to a speedy trial should be granted.

. The reason for the discrepancy between the January 28, 1999 adjourned date marked on the court file and the January 27, 1999 court stamp for the next proceeding in this case is both unexplained by the record and irrelevant to determination of the instant motion.

. The People originally contended that a 17-day period spanning parts of August 1999 and September 1999 was excludable because a necessary police witness at a pretrial hearing was unavailable because of a line-of-duty injury. In her memorandum of law dated March 17, 2000, Assistant District Attorney Mary Lowenburg concedes that the interval should be charged to the People, since there was nothing preventing the witness from testifying at such hearing.

. Defendant’s Mem in Support of CPL 30.30 dismissal, dated Mar. 20, 2000, at 3.

. As detailed infra, the original charge filed in Sommersell (supra) was a felony.

. The People do not contend that any such factor pertains to the charging decisions herein.

. In Sommersell [supra), the trial court found that 66 days were chargeable to the People and dismissed the information for denial of defendant’s statutory right to a speedy trial. Reversing that order, the Appellate Term first noted that CPL 30.30 (5) (c) does not apply to reduction of an A misdemeanor to a B misdemeanor so as to modify the speedy trial time period from 90 days to 60 days. The court found that the failure of the Legislature to specifically address such reduction as evidencing intent to exclude that situation. Accordingly, relying on People v Tychanski [supra), the court found itself barred from giving a statute a reading which would include matters not contemplated by the Legislature in its enactment of the statute. [People v Sommersell, supra, at 775, 776.) The court concluded its analysis by finding that since the felony charge was “reduced” within the meaning of CPL 180.50 to a nonfelony offense charging a class A misdemeanor, CPL 30.30 (5) (c) applies for the purpose of modifying the original speedy trial time period. Thus, the People are limited to the shorter period of the 90-day period applicable to the charge in the new instrument calculated from the filing of the new instrument, or the six-month period calculated from the filing of the original felony complaint. Noting that the People answered ready for trial before the expiration of 90 days, the court found that there was no speedy trial violation. (See also, People v Rashtak, 165 Misc 2d 236 [Crim Ct, NY County 1995].)

. The text of CPL 30.30 (5) (c) reads as follows: “where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor *471 complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.”

. See also, People v Brown, 133 Misc 2d 929 (Mt. Vernon City Ct 1986) (where misdemeanor is reduced to a violation, the statutory trial readiness period applicable to violations [CPL 30.30 (1)] governs); People v Vasquez, 133 Misc 2d 963 (Sup Ct, Queens County 1986) (where defendant is originally charged in a felony complaint that is later replaced with or converted to class B misdemeanor complaint, the speedy trial time is 60 days from date of conversion or replacement, despite later indictment for felony); but see, People v Matute, 141 Misc 2d 988 (Crim Ct, Bronx County 1988) (where original complaint charging unclassified misdemeanors is later amended to charge only a traffic infraction — after 57 days of chargeable time had elapsed — the speedy trial time attaching to the original charge controls).

. The Matute court offered, the following observation (141 Misc 2d 988, 990, supra): “It is now beyond dispute that ‘there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.’ (People v Lomax, 50 NY2d 351, 356 [1980]; CPL 1.20 [16], [17]; 100.05.) Under CPL 30.30, which was ‘designed to insure to the public diligent prosecution of criminal charges filed in court’ (People v Osgood, 52 NY2d 37, 41-42 [1980]), the commencement of a criminal action by the filing of an accusatory instrument marks the point at which ‘the People incur * * * the obligation of being ready for trial within’ a specified period of time. (Supra, at 43.) The applicable period is determined, pursuant to subdivision (1), by reference to the most serious charge in that instrument, and its filing sets the date to which any subsequent instrument must be ‘related back’ for purposes of calculating the readiness period, as well as computing excludable time under subdivision (4). (People v Sinistaj, 67 NY2d 236 [1986]; People v Osgood, supra; People v Lomax, supra.)” (Emphasis supplied.)

. People v Moore (supra) is factually distinguishable from the instant case in that there the prosecution began with the filing of a felony complaint, *473 followed by successive reductions to a class A misdemeanor and later to a class B misdemeanor. The court held that the Cooper language did not apply to the facts before it.

. This court has not been asked to conclude — and has no independent suspicion — that the People proceeded in bad faith at any stage of this prosecution.