*145 OPINION OF THE COURT
Memorandum.
Defendant was initially charged in a misdemeanor complaint with two class A misdemeanors, a class B misdemeanor and a violation. Upon this appeal, the People maintain, and the defendant does not controvert, that 88 days after the commencement of the action, the People filed a statement of readiness and converted the accusatory instrument into an information. Thus, we decline to reach any possible contentions which are not before us challenging the validity of the People’s statement of readiness on the 88th day.
On the 91st day after the commencement of the action, the court dismissed one of the class A misdemeanor charges and reduced the remaining one, assault in the third degree, to attempted assault in the third degree, a class B misdemeanor (Penal Law §§ 110.00, 120.00). Subsequently, written applications were made under CPL 30.30 addressed to the delays in the prosecution of the case. The court below, attempting to apply the rationale of People v Cooper (90 NY2d 292, 294) to the facts at bar, held that inasmuch as defendant was ultimately accused of class B misdemeanors, the People had to have been ready for trial within 60 days of the commencement of the criminal action and that they failed to be ready (see, CPL 30.30 [1] [c]). The sole issue raised on this appeal is whether the 90-day period was the time frame within which it was incumbent upon the People to declare their readiness for trial (see, CPL 30.30 [1] [b]).
We adhere to the position we set forth in People v Sommersell (166 Misc 2d 774, lv denied 88 NY2d 886) and hold that where a class A misdemeanor is reduced to a class B misdemeanor, the People are required to be ready for trial within 90 days from the commencement of the criminal action as provided for in CPL 30.30 (1) (b), rather than the 60-day period prescribed in CPL 30.30 (1) (c). CPL 30.30 (5) (c) does not apply to the instant situation so as to modify the speedy trial time period from 90 days to 60 days. Inasmuch as “the Legislature failed to address [in CPL 30.30 (5) (c)] the specific situation” involved *146 herein, “[t]he omission is an indication that its exclusion was intended (People v Tychanski, 78 NY2d 909)” (People v Sommersell, supra, at 776; see also, People v Finnegan, 85 NY2d 53, 58).
We find nothing within People v Cooper (supra), which was decided after People v Sommersell (supra), to alter our position. We are not unmindful of the statement in People v Cooper (supra, at 294, citing the Appellate Division’s observation at 219 AD2d 426, 430) that “ ‘the phrase “commencement of a criminal action” is used only as a starting point for the People’s time to be ready. The determinative factor is not the initial charge but the level of crime with which the defendant is ultimately “accused” and for which he is prosecuted.’ ” We interpret such statement to apply where, as in People v Cooper, the charges are elevated from a misdemeanor to a felony. However, such a rule does not apply in the converse situation of a reduction from a felony charge to a misdemeanor falling outside the ambit of CPL 30.30 (5) (c), such as presented in People v Tychanski (supra). Indeed, the Court of Appeals in Cooper neither acknowledged that Tychanski indicated “a contrary holding” nor overruled Tychanski. Rather, the Court in Cooper declined to extend the Tychanski reduction rule to a situation involving an elevation of charges.
In the case at bar, as in People v Sommersell (supra), we are faced with a reduction of charges, much akin to People v Tychanski (supra) and completely distinguishable from People v Cooper (supra). We note that it was never the intention of the Legislature or the Court of Appeals to penalize a good-faith decision by the People to reduce charges by holding that, upon such reduction, the lesser speedy trial time period would apply ab initio, thus subjecting the reduced charge to immediate dismissal (see, CPL 30.30 [5] [c]; People v Tychanski, supra).
Scholnick, P. J., Patterson and Rios, JJ., concur.