OPINION OF THE COURT
Mario J. Rossetti, J.
Defendant is charged with menacing in the second degree; criminal contempt in the first degree; intimidating a witness in the third degree (two counts); and has moved to dismiss the first count of the indictment, menacing in the second degree, on speedy trial grounds.
Findings of Fact
Defendant was charged with menacing in the second degree on January 9, 2001, when the accusatory instrument was filed with the Buffalo City Court. The charge was based upon an incident occurring on January 8, 2001. Defendant appeared and was arraigned on January 10, 2001, and the matter was adjourned to January 16, 2001, when the People declared their *635 readiness for trial. The matter was subsequently dismissed on March 22, 2001, for presentation to a Grand Jury.
The matter was presented to a Grand Jury and, on June 15, 2001, an indictment was returned charging the defendant with menacing in the second degree and on related but separate incidents of criminal contempt in the first degree and two counts of intimidating a witness in the third degree. The criminal contempt and intimidating a witness charges arose from incidents occurring on or between January 29 and March 15, 2001. The People again declared their readiness for trial on June 15, 2001. The number of days from the filing of the misdemeanor complaint on January 9, 2001, to the People’s statement of readiness on June 15, 2001, is 156 days.
Conclusions of Law
The defendant contends that the speedy trial period for the first count is 90 days from January 9, when the accusatory instrument was filed. He further contends that the period from January 9 to January 16 is chargeable to the People because they had not yet declared readiness, and the period from March 22 until June 15 is chargeable to the People because the case had been dismissed. The total number of days chargeable to the People, the defendant contends, is 92 days, two days beyond the statutory limit.
The People assert that the first count is part of a larger indictment that includes felony charges, and that under CPL 30.30 (1) (a), the People are allowed six months in which to be ready for trial. CPL 30.30 (1) (a) states, in part, that when a defendant is accused of “one or more offenses, at least one of which is a felony” the People have six months from the commencement of the criminal action to be ready for trial.
It is uncontested that the prosecution of the first count was commenced on January 9, 2001, with the filing of the accusatory instrument charging menacing in the second degree, and that the People first announced their readiness for trial on January 16, 2001. Those seven days are, therefore, chargeable to the People. It is also undisputed that the menacing charge was dismissed on March 22, 2001 and resurrected on June 15, 2001 when the indictment was returned, and the menacing charge was joined with the intervening felonies. Since the defendant could not have consented to the delay between the dismissal of the charge on March 22 to the June 15, 2001 indictment, that 85-day period is chargeable to the People (see, People v Sterling, 176 AD2d 1119). The total time chargeable to the *636 People is, therefore, 92 days, two days beyond the statutory time limit for misdemeanors.
Accordingly, the determinative issue herein is whether the 90-day speedy trial for misdemeanors would apply, or, as the People contend, the six-month period for a felony.
The People cite People v Cooper (90 NY2d 292) in support of their argument that, since the indictment contained both the misdemeanor menacing charge and felony charges, they were entitled to the full six-month period to prepare for trial on the misdemeanor charge. People v Cooper, however, is readily distinguishable. The misdemeanor in Cooper was converted to a felony. It was based upon the identical incident, which was elevated to a more serious crime. Under those circumstances, the Court of Appeals held that the People should not be limited to 90 days for the prosecution of the felony, but were entitled to six months. Unlike the Cooper case, the misdemeanor in this case was not converted, nor did it involve the same incident. In fact, the menacing charge herein was joined with felony charges arising from separate incidents after the speedy trial time for the misdemeanor had expired.
Additionally, in Cooper the Court of Appeals’ concern was that it would contravene the intent of CPL 30.30 to limit the time to prosecute felonies to 90 days. That concern is not applicable in this case. The time limit for the felonies herein has not been reduced, and the People’s time in which to prosecute those felony crimes remains at six months. This court has otherwise found nothing in the statute, nor in case law, supporting the People’s proposition that a misdemeanor crime for which the speedy trial time has expired can be resurrected by joining it in an indictment which includes felonies arising from a separate incident.
Pursuant to the foregoing, defendant’s motion to dismiss the first count of the indictment is hereby granted.