# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**196**
**KA 10-01674**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                       MEMORANDUM AND ORDER

CORRENE G. SAWYER-PLATO, DEFENDANT-APPELLANT.

---

JOHN G. LEONARD, ROME, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (John S. Balzano, A.J.), rendered September 16, 2008. The judgment convicted defendant, upon a nonjury verdict, of misdemeanor driving while intoxicated (two counts) and refusal to submit to a field screening test.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, after a nonjury trial, of two counts of driving while intoxicated (DWI) as a misdemeanor (Vehicle and Traffic Law § 1192 [2], [3]) and refusal to submit to a field screening test (§ 1194 [1] [b]). On July 22, 2007, defendant was arraigned in Sylvan Beach Village Court on, inter alia, two counts of DWI as a misdemeanor. A certified copy of defendant's abstract of driving record from the New York State Department of Motor Vehicles (DMV abstract) indicated, however, that defendant was convicted of DWI in Oneida City Court in Madison County on August 26, 2004, and the People thus sought a felony DWI indictment from the Oneida County grand jury. By indictment filed December 13, 2007, defendant was charged, inter alia, with two counts of DWI as a felony, and she was arraigned on that indictment on January 4, 2008. At that time, the People announced their readiness for trial.

Thereafter, a certificate of conviction was produced that demonstrated that the DMV abstract was erroneous, inasmuch as the August 26, 2004 conviction in Oneida City Court was not for DWI but, rather, was for driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a violation. As a result, on February 26, 2008, the People moved to amend the indictment to reduce the two DWI charges from felonies to misdemeanors. County Court granted the motion over defendant's objection. Defendant thereafter moved, inter alia, to dismiss the indictment, as amended, based on the alleged violation of

her statutory right to a speedy trial. According to defendant, the People had 90 days in which to announce their readiness for trial (*see* CPL 30.30 [1] [b]) and failed to do so. Defendant contended that she was originally charged with misdemeanors, that the felony indictment was based on erroneous documentation, and that, when the error was discovered, the indictment was amended by reducing the felony counts to misdemeanors, thus rendering applicable the 90-day time period rather than the six-month time period. The court properly denied defendant's motion.

As the Court of Appeals has written, "unless an event occurs which triggers the specific contingencies of CPL 30.30 (5), [which is not the case here,] the general rule articulated in CPL 30.30 (1) controls the calculation of the readiness period throughout the criminal action. Under that provision, the readiness time requirement is based on the most serious offense charged in the criminal action, measured from the date of filing of the first accusatory instrument" (*People v Cooper*, 98 NY2d 541, 546; *see People v Cooper*, 90 NY2d 292, 294; *People v Tychanski*, 78 NY2d 909, 912). Here, the most serious offenses charged in this case were the two felony counts of DWI. While the documentation that defendant had a predicate DWI conviction, which formed the basis for the felony charges, was later shown to be erroneous, that does not negate the fact that "the most serious offense charged in the criminal action" was a felony (*Cooper*, 98 NY2d at 546). As a result, the People had six months in which to declare their readiness for trial (*see* CPL 30.30 [1] [a]; *People v Searles*, 2003 NY Slip Op 51402[U]), and they timely did so on January 4, 2008. Finally, we reject defendant's further contention that the People's declaration of readiness on January 4 was rendered ineffective by the subsequent reduction of the felony counts to misdemeanors.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court