# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

169

TP 12-01599

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JEFFREY MILLER, DOING BUSINESS
AS JEFF'S CLUBHOUSE, PETITIONER,

V                                                            MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT.

---

PULOS AND ROSELL, LLP, HORNELL (TIMOTHY J. ROSELL OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PAUL GROENWEGEN OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Steuben County [Peter C.
Bradstreet, A.J.], entered September 15, 2009) to review a
determination of respondent.  The determination found that petitioner
had violated Public Health Law § 1399-o and assessed a fine in the
amount of $500.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of an Administrative Law Judge
(ALJ), made after a hearing, finding petitioner guilty of violating
Public Health Law § 1399-o and imposing penalties.  Petitioner
contends that the ALJ's determination lacks a substantial basis in the
record.  We reject that contention.

When representatives of respondent entered petitioner's bar to
investigate a complaint that petitioner allowed smoking in the bar,
they noticed an odor of smoke and observed two patrons smoking at the
bar.  Petitioner was seated next to one of the smoking patrons, and
was engaged in a conversation with them.  Petitioner testified at the
hearing that, although the smoking patrons did not comply with the
bartender's instruction that they were not permitted to smoke inside
the bar, the bartender nevertheless accommodated them by giving them
an empty bottle in which to place their cigarette butts.  The
bartender also continued to serve the patrons after they failed to
comply with her alleged instruction not to smoke.  Petitioner contends
that respondent's representatives "must at least see the violation and
the interaction between the smokers and the owner/bartender when they

first 'light up' and what efforts were made to stop them."   Contrary to petitioner's contention, however, we conclude that substantial evidence supports the ALJ's determination that petitioner permitted smoking in the bar (*see* Public Health Law § 1399-o [1] [b]; *cf. Matter of Patricia Ann Cottage Pub, Inc. v Mermelstein*, 36 AD3d 816, 819-820; *see generally Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 417, *rearg denied* 78 NY2d 909).

Entered:  March 15, 2013                          Frances E. Cafarell
                                                   Clerk of the Court