Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Steuben County [Peter C. Bradstreet, A.J.], entered September 15, 2009) to review a determination of respondent. The determination found that petitioner had violated Public Health Law § 1399-0 and assessed a fine in the amount of $500.
*1200 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of an Administrative Law Judge (ALJ), made after a hearing, finding petitioner guilty of violating Public Health Law § 1399-0 and imposing penalties. Petitioner contends that the ALJ’s determination lacks a substantial basis in the record. We reject that contention.
When representatives of respondent entered petitioner’s bar to investigate a complaint that petitioner allowed smoking in the bar, they noticed an odor of smoke and observed two patrons smoking at the bar. Petitioner was seated next to one of the smoking patrons, and was engaged in a conversation with them. Petitioner testified at the hearing that, although the smoking patrons did not comply with the bartender’s instruction that they were not permitted to smoke inside the bar, the bartender nevertheless accommodated them by giving them an empty bottle in which to place their cigarette butts. The bartender also continued to serve the patrons after they failed to comply with her alleged instruction not to smoke. Petitioner contends that respondent’s representatives “must at least see the violation and the interaction between the smokers and the owner/ bartender when they first Tight up’ and what efforts were made to stop them.” Contrary to petitioner’s contention, however, we conclude that substantial evidence supports the ALJ’s determination that petitioner permitted smoking in the bar (see Public Health Law § 1399-0 [1] [b]; cf. Matter of Patricia Ann Cottage Pub, Inc. v Mermelstein, 36 AD3d 816, 819-820 [2007]; see generally Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991], rearg denied 78 NY2d 909 [1991]). Present — Scudder, PJ., Centra, Lindley, Sconiers and Martoche, JJ.