People v Flowers (2025 NY Slip Op 00583)

People v Flowers

2025 NY Slip Op 00583

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

906 KA 23-01892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE FLOWERS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 5, 2023. The judgment convicted defendant, upon a plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Contrary to defendant's contention, Supreme Court properly denied his motion to dismiss the indictment on statutory speedy trial grounds (see generally CPL 30.30).
Where a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cooper, 90 NY2d 292, 294 [1997]). "Notwithstanding the provisions of any other law" and "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL 30.30] until it has filed a proper certificate [of compliance] pursuant to [CPL 245.50 (1)]" (CPL 245.50 [3]; see CPL 30.30 [5]; People v Bay, 41 NY3d 200, 210 [2023]). The certificate of compliance (COC) "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]).
As relevant here, CPL 245.20 (1) (b) requires that the People disclose to the defendant "[a]ll transcripts of the testimony of . . . person[s] who ha[ve] testified before a grand jury," though the initial time period within which disclosure of that material is to occur under CPL 245.10 (1) "may be stayed by up to an additional [30] calendar days without need for a motion pursuant to" CPL 245.70 (2) if, "due to the limited availability of transcription resources, . . . transcript[s] [are] unavailable for disclosure within the [relevant] time period" (CPL 245.20 [1] [b]).
Here, at the time the People filed the COC, neither the original nor the extended time period to disclose the grand jury transcripts had expired, and the People advised in the COC that the grand jury transcripts were "unavailable" at that time "due to the limited availability of transcription services." Thus, even though the statutory period to disclose the grand jury transcripts subsequently expired prior to the date the transcripts were received by the People and turned over to defendant, at the time the People filed their COC and statement of readiness (SOR) they had complied with their initial discovery obligations under CPL article 245.20 "to the extent possible" (People v Geer, 224 AD3d 1353, 1354 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see People v Drayton, 231 AD3d 1057, 1060 [2d Dept 2024]). The People therefore met [*2]their burden in opposition to defendant's CPL 30.30 motion of establishing that they "ha[d] 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " at the time the COC and SOR were filed (Bay, 41 NY3d at 211; see CPL 245.50 [1]), and it is irrelevant for speedy trial purposes whether the People thereafter failed to exercise due diligence or make reasonable efforts to obtain and disclose the grand jury transcripts. Although a failure by the People to obtain and disclose grand jury transcripts after the filing of a valid COC and SOR may constitute a discovery violation warranting the imposition of sanctions under CPL 245.80, defendant did not seek such sanctions in this case; instead, he moved only for dismissal of the indictment on speedy trial grounds under CPL 30.30. Under the circumstances, we therefore conclude that the court did not err in denying defendant's speedy trial motion (see CPL 30.30 [1] [a]; see also People v Lawrence, 231 AD3d 1497, 1499-1500 [4th Dept 2024]).
In light of our determination, we do not reach defendant's remaining contentions.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court