OPINION
{¶ 1} Defendant-appellant, Dixie Clark, appeals her judgment of conviction on one count of Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A). We affirm the judgment of the lower court.
 {¶ 2} The essential facts are not in dispute. The instant case involves three separate cases, arising from the same alleged course of conduct. *Page 2 
 {¶ 3} On February 19, 2007, Clark was arrested by the Mentor-on-the-Lake Police Department. Based upon the alleged facts surrounding this arrest, a complaint charging Clark with one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A) was filed in the Mentor Municipal Court in Case No. 04 CRB 00228 on February 20, 2007.[1] Clark was arraigned on that day, and bond was set at $20,000 at 10%. Clark did not post bond and thus remained confined in jail.
 {¶ 4} On February 28, 2007, Clark appeared with her court-appointed attorney and waived preliminary hearing. Clark was bound over to the Grand Jury, and due to the felony charge pending against her, the case was transferred to the Lake County Court of Common Pleas on March 2, 2007, where it was assigned Case No. 07 CR 00137. Bond was reduced to $10,000 at 10%. Clark again did not post bond and remained confined in jail.
 {¶ 5} On March 15, 2007, the Lake County Court of Common Pleas released Clark on her own recognizance.
 {¶ 6} On May 25, 2007, the Lake County Grand Jury returned a single count indictment, charging Clark with one Count of Domestic Violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A).[2]
 {¶ 7} On June 1, 2007, the aforementioned indictment was filed with the Mentor Municipal Court as Case No. 07 CRB 00704, and a summons was issued. The case was transferred back to the Municipal court due to the fact that the Lake County Court of Common Pleas does not try misdemeanor cases. *Page 3 
 {¶ 8} On June 12, 2007, Clark appeared for arraignment, where she entered a plea of not guilty to the charge. Bond was set at $1,000 personal recognizance, and the case was set for pretrial conference. Following the arraignment, Clark remained free on bond.
 {¶ 9} On June 29, 2007, a pretrial conference was held, and the case was scheduled for a jury trial on July 19, 2007.
 {¶ 10} On July 18, 2007, Clark filed a motion to dismiss the charges based upon a denial of her constitutional and statutory right to a speedy trial. The state filed its brief in opposition on July 24, 2007. On July 26, 2007, the court denied Clark's motion without a hearing.
 {¶ 11} On August 8, 2007, Clark entered a plea of no contest to an amended charge of Assault, a misdemeanor of the first degree, and was found guilty by the trial court and sentenced to 180 days in jail, with 125 suspended, and fined $100. Since Clark was also given 25 days credit for time already served, her net sentence was 30 days.[3]
 {¶ 12} Clark timely appealed, assigning the following as error for our review:
 {¶ 13} "The trial court erred when it failed to dismiss the charges against the appellant for failure of the state to bring the appellant to trial within the time requirements of the speedy trial statute of Ohio."
 {¶ 14} As an initial matter, Clark raises the rather novel argument that the state acted in bad faith by initially securing an indictment against her for a fourth degree felony of Domestic Violence, rather than the misdemeanor of Domestic Violence, based upon the penalty enhancement provision contained in R.C. 2919.25 (D)(3). In essence, *Page 4 
Clark argues that the state knew or should have known that she could be charged with no more than misdemeanor Domestic Violence, based upon the fact that her prior conviction for Child Endangerment occurred ten years before the amendment of R.C. 2919.25(D)(3), which made a prior conviction for that offense a penalty enhancement.
 {¶ 15} The penalty enhancement section provides, in relevant part, that "if the offender previously has pleaded guilty to or been convictedof * * * a violation of section * * * 2919.22 * * * of the Revised Code [Child Endangering], if the victim of the violation was a family or household member at the time of the violation, * * * a violation of division (A) or (B) of this section is a felony of the fourth degree * * *." R.C. 2919.25(D)(3) (emphasis added).
 {¶ 16} Our review of the record reveals no evidence relating to the date or circumstances surrounding Clark's prior plea and conviction for Child Endangerment. However, even if Clark's assertions are true, "a voluntary plea of guilty intelligently made in light of the then applicable law" does not become vulnerable as the result of a subsequent change in the law. State v. Bronaka, 11th Dist. No. 2007-L-095,2008-Ohio-1334, at ¶ 27. Based upon the aforementioned considerations and the unqualified language of the statute, we find nothing that would have prevented the state from pursuing a felony charge in this case.
 {¶ 17} We now turn to the issue of whether Clark's speedy trial rights were violated.
 {¶ 18} "The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused the same right." State v. Parker, 113 Ohio St.3d 207, 2007-Ohio-1534, at ¶ 11, *Page 5 
citing State v. MacDonald (1976), 48 Ohio St.2d 66, 68. "Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial," in order to codify this right. Id., citing State v. Hughes, 86 Ohio St.3d 424, 425, 1999-Ohio-118.
 {¶ 19} Ohio's speedy-trial statute, R.C. 2945.71, provides, in relevant part, as follows:
 {¶ 20} "[A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest * * * if the offense charged is a misdemeanor of the first * * * degree." R.C. 2945.71(B)(2).
 {¶ 21} "A person against whom a charge of felony is pending * * * shall be brought to trial within two hundred and seventy days after the person's arrest." R.C. 2945.71(C)(2).
 {¶ 22} "For purposes of computing time under * * * this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
 {¶ 23} "[T]he statutory speedy-trial limitations are mandatory and * * * the state must strictly comply with them." Parker, 2007-Ohio-1534, at ¶ 15 (citation omitted).
 {¶ 24} As mentioned earlier, Clark was arrested on February 19, 2007, and remained incarcerated until March 15, 2007, a period of 25 calendar days. "The date of arrest is not counted when determining speedy trial time." State v. Brown, 11th Dist. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 22 (citation omitted). Furthermore, "[t]he date the defendant posts bond and is released from jail counts as a day in jail for the triple-count *Page 6 
provision." Id. (citation omitted). Thus, for the aforementioned period of incarceration, 70 days applies against her statutory speedy trial time limit.
 {¶ 25} Relying on Parker, Clark argues that since she was ultimately convicted of first degree misdemeanor Assault, the trial court was obligated to bring her to trial within 90 days from the date of her arrest and by failing to do so, a violation of R.C. 2945.71(B) arose, thus requiring the dismissal of the Assault charge against her.
 {¶ 26} Clark's reliance on Parker is inapposite. In Parker, appellant was arrested in connection with the operation of a methamphetamine lab in Ashtabula County. 2007-Ohio-1534 at ¶ 2. Subsequent to his arrest, Parker was incarcerated, and three separate complaints were filed, charging him with Illegal Manufacture of Drugs, Possession of Drugs, and Carrying a Concealed Weapon. Id.
 {¶ 27} The municipal court set bond for each of the aforementioned charges, setting a lower bond for the charge of carrying a concealed weapon, a misdemeanor charge, and setting higher bonds for the other two charges, which were felonies. Id. at ¶ 3. The two felony charges were bound over to the Ashtabula County Court of Common Pleas, while the misdemeanor charge remained pending in the municipal court. Id. Subsequent to the transfer of the felony charges to the Common Pleas Court, Parker's bond on those charges was modified to a personal recognizance bond, which was not executed until 79 days after his arrest. Id. at 4. Parker posted bond on the original misdemeanor gun possession charge, four days later. This charge was eventually dismissed by the municipal court.
 {¶ 28} The Ohio Supreme Court held that "[w]here more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered *Page 7 
incarceration on the `pending charge' for the purposes of R.C. 2945.71(E)." Id. at ¶ 16. However, in so holding, the court explained the meaning of "common litigation history" as follows: "Criminal charges arising out of the same criminal indictment and broughtsimultaneously will always be deemed to have a "common litigation history" for the purposes of establishing incarceration solely on the "pending charge" within the meaning of R.C. 2945.71(E), even if they are prosecuted in separate jurisdictions." Id. at ¶ 25. Thus, the holding ofParker is limited to those situations in which multiple charges are brought at the same time.
 {¶ 29} Such is not the situation in the instant case. Here, the sole "charge" against Clark arising from an indictment was the first degree misdemeanor charge of Domestic Violence entered on May 25, 2007. Moreover, as is clear from the record, neither the unindicted felony "charge," nor the misdemeanor charge, was filed "simultaneously," as is contemplated by the holding of Parker.
 {¶ 30} It is well-settled that, "[w]hen an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C. 2945.71 begin to run anew on the date the defendant is served with the charge on the lesser offense." State v.Smith (Jan. 12, 2000), 4th Dist. No. 99CA31, 2000 Ohio App. LEXIS 89, at *4, citing State v. Cattee (1983), 14 Ohio App.3d 239, 242, andState v. Besimer (Feb. 28, 1996), 4th Dist. No. 95CA2110, 1996 Ohio App. LEXIS 825, at *6; see also, State v. Phillips (1984), 19 Ohio App.3d 85, at syllabus ("The date from which the speedy trial provisions of R.C. 2945.71 begin to run for an accused whose original felony charge has been reduced to a misdemeanor is the date the summons was served for the lesser offense."); State v. Wantz (Sep. 18, 1992), 11th Dist. No. 92-A-1697, 1992 Ohio App. LEXIS 4805, at *2. However, "the additional number of days that *Page 8 
the State receives to try the defendant for the lesser charge cannot exceed the date of the speedy trial deadline of the original charge" thus, the new speedy trial deadline must be "computed by comparing the deadlines for the original and reduced charges and using the earlier of the two deadlines." Besimer, 1996 Ohio App. LEXIS 825, at *7 (citation omitted).
 {¶ 31} Thus, barring any stay in the proceedings occasioned by Clark, the trial court had 90 days, from May 25, 2007 until August 22, 2007, to bring the instant charge to trial. Since the matter was concluded within this time limit, Clark's speedy trial rights were not violated.
 {¶ 32} Clark's sole assignment of error is without merit.
 {¶ 33} For the foregoing reasons, the judgment of the Mentor Municipal Court is affirmed. Costs to be taxed against appellant.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] Although a charge of Domestic Violance, pursuant to R.C. 2919.25(A) is normally a misdemeanor of the first degree, the charge against Clark was enhanced based upon an allegation of a prior conviction for Child Endangering.
[2] The Grand Jury Indictment, unlike the original charge of Domestic Violence against Clark, did not contain the allegation of a prior conviction.
[3] The trial court stayed the execution of Clark's sentence pending appeal. *Page 1