[Cite as *State v. Sitko*, 2021-Ohio-788.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2020-T-0016** |
| RODNEY J. SITKO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Newton Falls Municipal Court, Case No. 2020 TRC 00681.

Judgment: Affirmed.

*A. Joseph Fritz*, Newton Falls Law Director, 19 North Canal Street, Newton Falls, OH 44444 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Rodney J. Sitko ("Mr. Sitko"), appeals from his conviction for operating a vehicle under the influence of alcohol or drugs ("OVI"), his third OVI conviction within 10 years.

{¶2} Mr. Sitko raises two assignments of error, contending that the trial court erred in overruling his motion to dismiss for a speedy trial violation, and the evidence was insufficient to sustain a verdict that he was operating a vehicle under the influence.

{¶3} After a review of the record and relevant case law, we find Mr. Sitko's assignments of error without merit. After counting the days of delay chargeable to either side, Mr. Sitko was brought to trial within 90 days as required by R.C. 2945.71(B)(2) for a misdemeanor charge. Time was tolled for mutually agreed pretrial conferences that were held in an attempt to settle the case before trial.

{¶4} There was also sufficient evidence that Mr. Sitko was "under the influence" on the night of the incident by way of the deputies' testimonies at trial. The deputies found Mr. Sitko slumped over the steering wheel of his vehicle, sleeping, with an open beer bottle in his right hand, his car in drive, and the brakes applied in the middle of a roadway. The deputies observed several signs that indicated Mr. Sitko was under the influence prior to Mr. Sitko's arrest in addition to his refusal to submit to field sobriety tests and/or a breath sample. Whether there was evidence at trial that Mr. Sitko was later diagnosed with sleep apnea, and potentially had a medical issue on the night of the incident, goes to the manifest weight of the evidence and the credibility of the witnesses.

{¶5} The judgment of the Newton Falls Municipal Court is affirmed.

**Substantive and Procedural History**

{¶6} Mr. Sitko's conviction stems from an incident that occurred on July 19, 2019, in which two deputies from the Trumbull County Sheriff's Office, Deputy Stephanie Slusher ("Dep. Slusher") and Deputy Eric Hermsdorfer ("Dep. Hermsdorfer"), were dispatched to a disabled vehicle, which was parked in the middle of the roadway on State Route 45 in Bloomfield Township. The deputies found the car with its brake lights on and shifted in drive and the driver, Mr. Sitko, slumped over the wheel, sleeping, with an open beer bottle in his right hand.

2

## Case History

{¶7}  Mr. Sitko was arrested and subsequently charged with OVI, a fourth-degree felony, in violation of R.C. 4511.19(A)(2)(B), and in a companion case, OVI, a fourth-degree felony, in violation of R.C. 4511.19(A)(1)(A).

{¶8}  Mr. Sitko was arraigned in the Newton Falls Municipal Court, where the court scheduled a preliminary hearing for July 30, 2019, and set bond at a $10,000 surety, with conditions, including electronically monitored house arrest ("EMHA"), suspended motor vehicle privileges, and an alcohol monitor.  At the preliminary hearing, Mr. Sitko waived the hearing, and his case was bound over to the Trumbull County Grand Jury. His bond was modified to a $5,000 surety.

{¶9}  On October 2, 2019, the Trumbull County Grand Jury handed down an indictment for two OVI charges, both first-degree misdemeanors, in violation of R.C. 4511.19(A)(1)(a) & (G)(1)(a)(ii) and R.C. 4511.19(A)(2)(b) & (G)(1)(a)(ii).  Accordingly, the case was remanded to the Newton Falls Municipal Court on October 7, 2019.

{¶10} Mr. Sitko pleaded not guilty at his arraignment on October 10, 2019.  The court transferred his bond, with no change in conditions, and set the matter for a pretrial conference on October 15.  Two more pretrial conferences were held on November 7, 2019, and January 14, 2020.  After a proposed Rule 11 plea agreement was rejected by the court on January 14, 2020, trial was scheduled for February 19.

{¶11} On February 18, 2020, the state filed a motion to dismiss both pending misdemeanor charges in order to file a new complaint charging Mr. Sitko with one count of OVI, in violation of R.C. 4511.19, which was an unclassified misdemeanor inasmuch as this was his third OVI within ten years.  He had been erroneously charged with first-

3

degree misdemeanors, which is the proper designation for a first or second OVI offense in ten years.

{¶12} Mr. Sitko filed a motion to dismiss for speedy trial violation on February 28, 2020.

{¶13} After holding a hearing, the court denied the motion on March 4, 2020, and, on the following day, set trial for March 10, 2020.

**The Court's Judgment Entry**

{¶14} The court issued a detailed judgment entry on March 9 denying Mr. Sitko's motion to dismiss, finding Mr. Sitko was brought to trial within the speedy trial time of 90 days for an unclassified misdemeanor. The court reviewed the procedural history of the case, noting that at the first pretrial on October 15, defense counsel delivered the file to the bailiff/court scheduler and requested that the matter be set for a second pretrial. Defense counsel made the same request after the second pretrial on November 7. The trial court specifically found that "[e]ach of those pretrials were set at the request of defense counsel, and/ or at a mutual request of defense counsel and the prosecutor."

{¶15} On January 14, 2020, the attorneys again met in conference and a Rule 11 plea agreement was proposed; however, the court declined the proposal with regard to the sentencing recommendation. Mr. Sitko rejected any further modification of the sentence and, for the first time, asked for the matter to be set for trial.

{¶16} An oral hearing on Mr. Sitko's motion to dismiss was held on March 3, 2020. (No transcript or agreed upon statement pursuant to App.R. 9 has been filed on appeal.) Per the court's findings, both defense counsel and the prosecutor agreed at the hearing that the pretrial conferences were attempts to get the matter resolved short of trial and

4

that they were not at the request of the court or delays by the prosecution. Mr. Sitko did not seek to set a trial date until the Rule 11 plea agreement proposed sentencing recommendation was rejected on January 14. Defense counsel argued that the mutual requests for pretrials were not formal written motions; thus, they did not toll the speedy trial date. The court noted that it was unaware of any caselaw that required the motions to be in writing.

{¶17} The court found that if the speedy trial date was not tolled, then it expired on January 8, 2020, prior to the Rule 11 proposal. If tolled, the request for a pretrial conference on November 7, 2019, tolled the statute 23 days, and the request for the January 14, 2020, conference tolled the statute 68 days, making the speedy trial date April 8, 2020.

{¶18} The court concluded that under these facts, there was no constitutional violation of Mr. Sitko's rights to a speedy trial since the delay was not "uncommonly long"; he was as much to "blame" for the delay; he never asserted his right to a speedy trial until after the Rule 11 plea agreement was rejected; and there is no evidence that he suffered any prejudice as a result and/or that he has been languishing in jail. He was not in jail while the misdemeanor case was pending. Further, while Mr. Sitko did not file formal, written "motions," there was "action made or instituted by the accused" pursuant to R.C. 2945.72(E).

{¶19} Thus, the court denied Mr. Sitko's motion to dismiss, finding that he was using the speedy trial guarantee as a "sword" rather than a "shield," and "to require dismissal for failing to reduce the request to written motions under the circumstances here is more form over substance."

## The Trial

{¶20}  A one-day bench trial was held in which the state presented the evidence and testimony of the two deputies from the Trumbull County Sheriff's Office who responded to the incident, Dep. Slusher and Dep. Hermsdorfer.

{¶21}  Dep. Slusher testified that she and Dep. Hermsdorfer were dispatched to the scene for a disabled vehicle parked in the middle of the roadway on State Route 45 in Bloomfield Township, Trumbull County.  As they approached the vehicle, she could see that the brake lights were on and the windows were foggy.  Dep. Slusher went to the passenger side and Dep. Hermsdorfer approached the driver's side.  They observed the driver slumped over the steering wheel, sleeping, with a glass beer bottle in his right hand and the car in drive.  Dep. Hermsdorfer knocked on the window several times to get the attention of the driver.  "Once the driver kind of came to, he looked up, kind of peered around, like, trying to see where he was at."

{¶22}  The driver attempted to drive away, but stopped after several feet.  The deputies each opened a front door and were overwhelmed by the smell of alcohol.  Dep. Slusher reached in from the passenger side and placed the vehicle in park.  She was then able to turn the car off and take the keys out of the ignition.  Dep. Hermsdorfer asked the driver if he had a medical issue, but the driver failed to respond – he was "awake and looking, but there was no verbal response."

{¶23}  Mr. Sitko exited the vehicle at Dep. Hermsdorfer's instruction and walked with the deputy's assistance because "he had no balance."  Mr. Sitko refused to answer Dep. Hermsdorfer's questions and was placed under arrest for suspicion of OVI.  When Dep. Slusher removed the beer bottle from the vehicle, she noticed it was still cold and

6

"partially full." She reiterated on cross examination that she heard Dep. Hermsdorfer ask Mr. Sitko multiple times whether he was having a medical issue.

{¶24} Dep. Hermsdorfer testified that upon waking, Mr. Sitko showed signs of being confused and was "not able to follow any of the simple verbal commands" to put his vehicle in park and turn it off. He noticed that Mr. Sitko's eyes were bloodshot and glossy and that upon asking him to exit the vehicle, he was "slow-moving" and off balance. Dep. Hermsdorfer could smell alcohol "on or about" Mr. Sitko's person while he was speaking to him.

{¶25} Mr. Sitko refused to answer any of Dep. Hermsdorfer's questions; he just "looked forward, and he had what had appeared to be, like, the thousand-mile stare." Mr. Sitko refused to speak and/or comply with field sobriety tests. The deputies discovered this was Mr. Sitko's sixth OVI within 20 years. While Dep. Slusher was walking Mr. Sitko to Dep. Hermsdorfer's police vehicle, he observed that "she had to help him walk, more so to prevent him from falling down."

{¶26} Dep. Hermsdorfer was unable to obtain a warrant for a blood sample due to the early hour of the morning (3:00 am) and decided to transport Mr. Sitko to the Cortland Police Department for a breathalyzer test.

{¶27} While placing Mr. Sitko in his police cruiser, Dep. Hermsdorfer continued to ask him if he needed medical assistance. Mr. Sitko responded by asking, "Is my dad okay?" Dep. Hermsdorfer was "confused on that statement," and asked, "Well, where is your dad?" "He said, he's in the front seat. So he was – appeared that he was starting to hallucinate, that he thought his father was in the front seat of the vehicle, when there were no other occupants inside of the vehicle. He then said that his, his lawyer wanted

7

to talk to him, when – in fact, wanted to talk to him on the phone when Mr. Sitko was not on the phone. So he was not acting normal." On the way to the station, Mr. Sitko was "mumbling to himself."

{¶28} Dep. Slusher assisted Mr. Sitko into the station, and once there, he became verbally aggressive, interrupting the deputy as he was trying to read the BMV breathalyzer form and commenting "about taking this to the feds." After multiple offers to take a breathalyzer test, Mr. Sitko "just kind of looked up, gave me a funny-looking grin," and "further refused to submit to a breath test." Dep. Hermsdorfer transported Mr. Sitko to the Trumbull County Jail.

### Sentencing

{¶29} The trial court found Mr. Sitko guilty of OVI, in violation of R.C. 4511.19(A)(1)(a), which was an unclassified misdemeanor since this was his third conviction within ten years. The court sentenced him to 365 days jail, with 275 days suspended and credit for 20 days served; a $1,500 fine; a six-year driver's license suspension; and a three-year term of probation. The court also granted Mr. Sitko's motion to stay for "30 days or until the appeal is filed and thereafter" and ordered him to remain on EMHA during the stay.

{¶30} Mr. Sitko raises two assignments of error on appeal:

{¶31} "[1.] The trial court erred when it failed to dismiss the charge for a violation of appellant's statutory speedy-time rights.

{¶32} "[2.] The state failed to produce evidence that was legally sufficient to sustain the verdict that appellant operated a vehicle while under the influence (OVI)."

8

**Statutory Speedy Trial Violation**

{¶33} In his first assignment of error, Mr. Sitko contends the court erred in denying his motion to dismiss for speedy trial violation because the speedy-time period for the misdemeanor charges began when he was arrested on the original felony charge and the subsequent charges involved the same incident.

{¶34} The right to a speedy trial is set forth in the Sixth Amendment to the United States Constitution and is obligatory on the states via the Fourteenth Amendment. *State v. Broughton*, 62 Ohio St.3d 253, 256 (1991). R.C. 2945.73(B) requires a person charged with an offense to be discharged if he is not brought to trial within the applicable speedy trial time, and discharge bars "any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D).

{¶35} "The standard of review of a speedy-trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71." *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, ¶ 17 (11th Dist.); *see also State v. Pierson*, 149 Ohio App.3d 318, 2002-Ohio-4515, ¶ 12 (11th Dist.).

{¶36} "Speedy-trial issues present mixed questions of law and fact." *Kist* at ¶ 18. When reviewing a defendant's claim that he or she was denied the right to a speedy trial, we apply a de novo standard of review to questions of law and the clearly erroneous standard to questions of fact. *State v. Evans*, 11th Dist. Trumbull No. 2003-T-0132, 2005-Ohio-1787, ¶ 32.

{¶37} Pursuant to R.C. 2945.71(B)(2), "a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of

9

summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

{¶38} R.C. 2945.72 specifies the reasons for which a trial court may extend the limits of R.C. 2945.71. R.C. 2945.72 states, in relevant part:

{¶39} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶40} " * * *

{¶41} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶42} " * * *

{¶43} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

{¶44} A defendant establishes a prima facie case for dismissal once he demonstrates that he was not brought to trial within the applicable statutory speedy trial time limit, and the burden then shifts to the state to prove that the defendant's right has not been violated in light of applicable tolling periods. *Kist* at ¶ 22; *State v. Smith*, 11th Dist. Ashtabula No. 2000-A-0052, 2001 WL 901016, *5 (Aug. 10, 2001).

{¶45} We begin by counting the days chargeable to either side for delay. Mr. Sitko argues that time began running from the date of his original arraignment, July 22, 2019. He was bound over to the Trumbull County Grand Jury, which returned an indictment on two misdemeanors on October 2, and the following day, remanded the case back to the

Newton Falls Municipal Court. Mr. Sitko was arraigned on October 10, 2019, which is the date the court began its counting.

{¶46} When an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial limitations of R.C. 2945.71 begin to run anew on the date the defendant is served with the indictment on the lesser offense at the arraignment. *State v. Clark*, 11th Dist. No. 2007-L-139, 2008-Ohio-2760, ¶ 30. The additional number of days that the state receives to try the defendant for the lesser charge, however, cannot exceed the date of the speedy trial deadline of the original charge. *Id.* Thus, the new speedy trial deadline must be "'computed by comparing the deadlines for the original and reduced charges and using the earlier of the two deadlines.'" *Id.*, quoting *State v. Besimer*, 4th Dist. Ross No. 95CA2110, 1996 WL 87461, *7 (Feb. 28, 1996).

{¶47} We agree with the court below that time began running on the date he was arraigned on the misdemeanor indictment in the Newton Falls Municipal Court, i.e., October 10, 2019, and that 90 days from October 10, 2019 (January 8) is the earlier of the two deadlines. Thus, if we began counting from the date of Mr. Sitko's original felony charges, i.e., July 22, 2019, the speedy trial limit would be 270 days (April 17, 2020).

{¶48} Time was then tolled on October 15, 2019, until November 7, 2019, and then again until January 14, 2020, for the pretrial conferences, which were mutually scheduled by the prosecutor and defense counsel in an attempt to settle the case before trial. It was not until January 14, 2020, when the Rule 11 plea agreement was rejected by the court, that Mr. Sitko demanded a trial date be set.

{¶49} The court found that both parties agreed during the hearing on Mr. Sitko's motion to dismiss that the pretrial conferences were scheduled at their mutual request.

11

Mr. Sitko failed to file a transcript or agreed upon statement of the motion hearing pursuant to App.R. 9; thus, we must presume the regularity of the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) (Without a transcript or App.R. 9 equivalent, we must presume the regularity of the lower court's proceedings and affirm).

{¶50} We agree that the pretrial conferences tolled the speedy trial time (23 days and 68 days, respectively), since they were a period of delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). Further, a motion filed by the defendant does not have to be written and filed; it can be an oral motion made in open court. *State v. Angstrom*, 11th Dist. Geauga No. 1392, 1988 WL 32959, *2 (Mar. 11, 1988).

{¶51} The next motion that tolled the running of the speedy trial clock was Mr. Sitko's motion to dismiss for speedy trial violation on February 28, 2020. Like motions to suppress and motions in limine, motions to dismiss toll the speedy trial period. *Broughton* at 262. The court denied the motion on March 4, 2020. Mr. Sitko was convicted on March 10, 2020.

{¶52} Thus, the applicable time periods are as follows:

{¶53} October 10, 2020 – October 15, 2020 = 5 days

{¶54} January 14, 2020 – February 28, 2020 = 44 days

{¶55} March 4, 2020 – March 10, 2020 = 6 days

{¶56} Since Mr. Sitko was brought to trial within 55 days, he was brought to trial well within the applicable time period. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8. A review of the case history reveals

the instant case is devoid of any inexcusable delays, and the parties were attempting to settle the case without the need for a trial.

{¶57} Mr. Sitko's first assignment of error is without merit.

**Sufficiency of the Evidence**

{¶58} In Mr. Sitko's second assignment of error, he contends the state failed to produce sufficient evidence that he was driving while intoxicated since there was a "possibility he was suffering from some medical issue."

{¶59} The standard of review for a sufficiency of the evidence claim is whether after viewing the probative evidence and the inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. In essence, sufficiency is a test of adequacy; whether the evidence is legally sufficient to sustain a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Sufficiency of the evidence tests the burden of production. *Id.*

{¶60} Mr. Sitko was convicted of R.C. 4511.19(A)(1)(a), which states that "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶61} "The term 'under the influence' means that 'the defendant consumed some [alcohol], * * * in such a quantity, whether small or great, that it adversely affected and appreciably impaired the defendant's actions, reactions, or mental processes under the circumstances then existing * * *.'" *State v. Clark*, 8th Dist. Cuyahoga No. 88731, 2007-

Ohio-3777, ¶ 12, quoting *Ohio Jury Instructions*, CR Section 545.25. "[T]he state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 23. "The state may also submit evidence that a person refused to submit to a chemical test to determine alcohol consumption, and use lay-witness testimony to establish that an individual is intoxicated. *Maumee v. Anistik*, 69 Ohio St.3d 339, 344, 632 N.E.2d 497 (1994); *State v. Zetner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19, citing *State v. DeLong*, 5th Dist. Fairfield No. 02CA35, 2002-Ohio-5289." *State v. May*, 2018-Ohio-1510, 111 N.E.3d 48, ¶ 24 (8th Dist.).

{¶62} A review of the evidence presented at trial by way of the deputies' testimony reveals the state introduced more than sufficient evidence from which a trier of fact could find Mr. Sitko was under the influence of alcohol while operating a vehicle. Both deputies testified that Mr. Sitko was found slumped over his steering wheel, sleeping, with a beer bottle in his right hand, with the car in drive and the brake applied, in the middle of the roadway. When the deputies opened the doors to the vehicle, they were overwhelmed by the smell of alcohol. Mr. Sitko was incoherent, at times aggressive, and so unsteady on his feet that he required the assistance of Dep. Slusher when walking to the car at the scene and then again at the Cortland Police Station. Dep. Hermsdorfer testified Mr. Sitko had red and glossy eyes, was slow-moving and off-balance, and smelled of alcohol once he stepped outside of his vehicle. He refused to submit to a breathalyzer test and/or field sobriety tests.

14

{¶63} Simply because Mr. Sitko suffers from sleep apnea does not mean there was insufficient evidence that he was under the influence of alcohol. Conflicting evidence goes to the manifest weight of the evidence, not the sufficiency of the evidence. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Thompkins* at 390 (Cook J., concurring).

{¶64} Mr. Sitko's second assignment of error is without merit.

{¶65} The judgment of the Newton Falls Municipal Court is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.