[Cite as *State v. Gardjulis*, 2025-Ohio-4324.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF EASTLAKE,<br><br>          Plaintiff-Appellee,<br><br>- vs -<br><br>TYLER R. GARDJULIS,<br><br>          Defendant-Appellant. | CASE NO. 2024-L-066<br><br><br>Criminal Appeal from the<br>Willoughby Municipal Court<br><br><br>Trial Court No. 2024 CRB 00907 |

## OPINION AND JUDGMENT ENTRY

Decided: September 15, 2025
Judgment: Affirmed

*Jacqueline O'Donnell*, City of Eastlake Prosecutor, 35150 Lakeshore Boulevard, Eastlake, OH 44095 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Tyler R. Gardjulis ("Gardjulis"), appeals the decision of the Willoughby Municipal Court denying his motion to dismiss for violation of speedy trial. For the following reasons, we affirm.

{¶2} The unique facts of this appeal present a case of first impression before this Court. Gardjulis appeals the trial court's decision to deny his motion to dismiss for violating his statutory right to a speedy trial. Central to Gardjulis's assertion is the timeline the trial court used when determining if there was a violation of speedy trial. Gardjulis was initially

charged with misdemeanor offenses. Those misdemeanor charges were dismissed, and on the same day of the dismissal, felony charges were filed. The felony charges arose from the same conduct as the misdemeanors. The grand jury declined to charge felonies and instead returned an indictment charging misdemeanors on the charges bound over as felonies. The central issue before this Court is whether the speedy trial period, upon the indictment reducing the felony charges to misdemeanor charges, should revert to the 90 days beginning from the date of Gardjulis's initial arrest, or should begin anew upon the return of the misdemeanor complaint. Our research reveals no other case presenting this unique fact pattern, where a misdemeanor charge was dismissed, later brought as a felony, and then reduced back to a misdemeanor.

{¶3}   Based on the precedent as it exists in this State and our analysis of the speedy trial period before us, we conclude that when felony charges were brought against Gardjulis, the State had 270 days to try Gardjulis, less the time already expended by the misdemeanor indictment and including any tolling conditions. However, the speedy trial clock began anew upon the returned indictment reducing the felony charges to misdemeanors. As Gardjulis had more than 200 days remaining on the felony charge time period, the State's time period was reduced to 90 days from when Gardjulis was served on the misdemeanor indictment, less 7 days tolled by Gardjulis's voluntary waiver. We further conclude that the trial court did schedule the trial outside the speedy trial time period, but that Gardjulis voluntarily acquiesced to the date.

### Substantive and Procedural History

{¶4}   This case arose from an incident that occurred on December 9, 2023, between Gardjulis, his wife ("B.W."), and her friend ("C.M."). Gardjulis and B.W. lived

Case No. 2024-L-066

together in a home owned by B.W.'s grandmother. On the day of the incident, B.W. and C.M. were at home drinking together. Gardjulis declined to join them and remained in another room. The friends went alone into the bathroom. When Gardjulis later entered the bathroom, he found B.W. and C.M. kissing and engaging in sexual conduct. Enraged, Gardjulis told his wife and her friend that he was getting his gun and demanded they get out of the house. B.W. and C.M. ran into a bedroom. Gardjulis banged on the door which caused injuries to B.W.'s back, which was pressed against it. Gardjulis threatened to shoot B.W. and C.M. if they did not leave the house. B.W. and C.M. exited the home and B.W. called 911 from the driveway. Gardjulis was arrested the same day.

{¶5} A complaint was filed on December 11, 2023, in Willoughby Municipal Court in Case No. 2023 CRB 03065. Gardjulis was charged with domestic violence, a violation of R.C. 2919.25(C), a misdemeanor of the fourth degree, and aggravated menacing, a violation of R.C. 2903.21, a misdemeanor of the first degree. Gardjulis entered a plea of not guilty to those charges.

{¶6} On January 30, 2024, at the first pretrial hearing, the State dismissed the misdemeanor charges and filed a new complaint. The new complaint, Case No. 2024 CRA 00292, charged Gardjulis with two counts of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree.

{¶7} On February 6, 2024, Case No. 2024 CRA 00292 was bound over to the Lake County Grand Jury in Case No. 2024 CR 00156. Defense counsel was present at this hearing. On April 9, 2024, the Grand Jury returned an indictment against Gardjulis for four misdemeanors: two counts of aggravated menacing, in violation of R.C. 2903.21(A), misdemeanors of the first degree; one count of domestic violence, in violation

Case No. 2024-L-066

of R.C. 2919.25(C), a misdemeanor of the fourth degree; and one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the first degree. The case was returned to Willoughby Municipal Court in Case No. 2024 CRB 00907. On April 23, 2024, Gardjulis was arraigned on those four misdemeanor charges, and entered a plea of not guilty. A pretrial was set for May 14, 2024. Defense counsel did not appear, so Gardjulis completed a pro se motion to continue, waiving speedy trial time until the next hearing, seven days later.

{¶8}    The case was set for a bond hearing May 21, 2024. Gardjulis appeared. Defense counsel did not appear. Instead, another attorney from the defense counsel's law firm appeared in his place. The record indicates that the substitute counsel maintained contact with defense counsel via text. Together with the bailiff, the parties agreed to a bench trial date. First, a date of July 30, 2024, was proposed by the bailiff. After the bailiff conferred with the trial court judge, a second proposed date of July 29, 2024, was offered. The parties agreed to the date of July 29, 2024.

{¶9}    On July 26, 2024, Gardjulis filed a motion to dismiss Case No. 2024 CRB 00907 for speedy trial violations. On July 29, 2024, a hearing on the motion was held. The trial court denied Gardjulis's motion and proceeded with the bench trial. Gardjulis was convicted on all four counts.

{¶10}   A sentencing hearing was held on August 20, 2024. The trial court found that counts 1 and 3 merged for purposes of sentencing. The State elected to proceed on count 1. Gardjulis was sentenced to pay a fine of $500, serve 180 days in jail with 90 days suspended, for a total of 90 days, with credit for 25 days served on count 1. Gardjulis was sentenced to pay a fine of $500, serve 180 days in jail with 90 days suspended for a total

of 90 days with credit for 25 days served on count 2. On count 4, Gardulis was sentenced to pay a fine of $250, serve 180 days in jail with 90 days suspended, for a total of 90 days in jail with credit for 25 days served. The trial court ordered that counts 2 and 4 run concurrently to each other. Gardjulis was further ordered to 24 months of community control.

## Assignment of Error

{¶11}   Gardjulis now timely appeals the denial of his motion to dismiss for speedy trial violations, and asserts one assignment of error:

{¶12}   "The trial court erred when it denied the defendant-appellant's motion to dismiss for speedy trial violations."

{¶13}   Under his assignment of error, Gardjulis directs this Court to two issues:

{¶14}   First, Gardjulis asserts, "This Court has held that a trial court errs when it sets trial for a date after the time prescribed under R.C. 2945.71 has passed without journalizing that it is a continuance under R.C. 2945.72(H). The trial court concluded that the speedy trial period began on April 9, 2024, but set a trial date for July 29, 2024 without explanation in its journal entry. Did the trial court err in setting this date?"

{¶15}   Second, Gardjulis inquires, "Under R.C. 2945.71(B)(1), a person against whom a first-degree misdemeanor is pending shall be brought to trial within 90 days after his arrest. Mr. Gardjulis was arrested on December 9, 2023, but the trial court concluded that the State had 90 days from April 9, 2024, to try him. Did the trial court err in selecting this as the date from which time runs?"

{¶16} Gardjulis further avers that the trial court violated his speedy trial right when it set a hearing date outside of the statutory requirement. Additionally, Gardjulis maintains that the speedy trial clock began on December 9, 2023, on the date of his initial arrest.

{¶17} The State concedes to exceeding the speedy trial period, yet contends that Gardjulis, through his attorney, acquiesced to the extended timeline, constituting a waiver. Further, the State maintains that scheduling the trial outside of the initial speedy trial period was reasonable, and therefore permissible.

**Standard of Review and Relevant Law**

{¶18} A claim of speedy trial violations involves questions of law and fact. Therefore, a reviewing court defers to the factual findings of the trial court, supported by competent, credible evidence in the record, and applies the law to the facts de novo. *State v. Long*, 2020-Ohio-5363, ¶ 15; *see also State v. Kist*, 2007-Ohio-4773, ¶ 18 (11th Dist.).

{¶19} The standard of review for a claim of speedy trial violation is to count the days chargeable to both the State and the defendant and determine whether the case was tried within the limit set by R.C. 2945.71. *Id.* at ¶ 35.

{¶20} Speedy trial statutes must be strictly construed. *State v. Paolucci*, 2024-Ohio-1349, ¶ 12, citing *Brecksville v. Cook*, 1996-Ohio-171, ¶ 15. The trial court has discretion, under certain circumstances, to extend the trial date. *Id.* citing *Cook* at ¶ 7.

{¶21} A person against whom a first-degree misdemeanor is pending must be brought to trial within 90 days after their arrest or service of summons. R.C. 2945.71(B)(2). If multiple charges arise out of the same act or transaction, the charges must be brought within the time limit of the highest degree offense charged. R.C. 2945.71(D).

Case No. 2024-L-066

{¶22} For purposes of speedy trial calculations, the speedy trial clock begins to run when charges are pending against a defendant. R.C. 2945.71(B). The day of arrest, however, does not count towards the speedy trial timeline. *State v. Burgess*, 2004-Ohio-4395, ¶ 47 (11th Dist.), quoting *State v. Stamps*, 127 Ohio App.3d 219, 223 (1st. Dist. 1998).

{¶23} Further, when determining how much time has run against the State for speedy trial purposes, the period between dismissal of charges and the filing of subsequent charges arising from the same facts as the initial charges toll the speedy trial clock, unless the defendant was held in jail or released on bond. *State v. Broughton*, 62 Ohio St.3d 253, 259.

{¶24} When a felony indictment is obtained based on the same conduct as a lesser-included misdemeanor charge, the defendant must be brought to trial within the remaining time from the 270-day period for the felony, after being reduced by the time expended by the dismissed misdemeanor. *State v. Bonarrigo*, 62 Ohio St.2d 7, 11 (1980).

{¶25} When an original charge is later reduced to a lesser offense based upon the same conduct, the speedy trial period begins to run anew starting with the date the defendant is served with the indictment on the lesser offense at the defendant's arraignment. *State v. Sitko*, 2021-Ohio-788, ¶ 46 (11th Dist.), citing *State v. Clark*, 2008-Ohio-2760, ¶ 30 (11th Dist.). However, "the additional number of days that the state receives to try the defendant for the lesser charge . . . cannot exceed the date of the speedy trial deadline of the original charge." *Id.* In other words, the new timeline does not act to afford the State the benefit of extending the new timeline for the lesser offense beyond the previous timeline for the higher offense.

Case No. 2024-L-066

**Analysis**

{¶26} We first acknowledge that the facts of this case present a unique set of circumstances neither contemplated by the speedy trial statute nor directly addressed by the Supreme Court of Ohio. Here, the speedy trial clock initially began on December 10, 2023, the day after Gardjulis was arrested. *Burgess* 2004-Ohio-4395, at ¶ 47 (11th Dist.). Charges were filed on December 11, 2023. Initial charges were dismissed on January 30, 2024. On the same day, felony charges were filed. At this point, the State was entitled to the balance of time remaining from the original 270 days, less Gardjulis's days in jail or on bond and any tolling events up to the filing of the felony charges. *Bonarrigo* at 11. As the grand jury returned an indictment reducing the bound over felonies to four misdemeanor charges, the speedy trial clock began to run anew on April 15, 2024, when Gardjulis was served with the misdemeanor indictment.[1] *Sitko* at ¶ 46. However, because the State may not receive more time than they would have been afforded had the clock not reset, the trial court had to proceed on whichever timeline was shorter: the new 90 day misdemeanor time period, or what remained on the felony 270-day time period. *Clark*, 2008-Ohio-2760, at ¶ 30 (11th Dist.). When Gardjulis was served with the misdemeanor indictment, more than 200 days remained on the felony timeline (after previously being reduced to account for tolling events and time spent in jail or on bond from the initial misdemeanor charges). As more than 200 days remained on the felony time period, which is far more than the new 90 day time period, the trial court proceeded on the lesser of the

---

1. Gardjulis asserts that he was served with the misdemeanor indictment on April 10, 2025, however, the record indicates that service was unsuccessful on that date. The record indicates that Gardjulis's attorney was served on April 15, 2025, via email, pursuant to Civ.R. 5(B).

Case No. 2024-L-066

two time periods, requiring that Gardjulis be brought to trial within 90 days from service of the misdemeanor indictment by July 14, 2024.

{¶27} Gardjulis asserts that the days expended from the 270-day felony speedy trial period (for time served and tolling conditions originating from the initial arrest) simply fell away when the misdemeanor indictment was returned, and the time period reset, but that logic is misguided. The trial court was not permitted to exceed the date that would have remained under the initial felony charges. *Id.* The felony time period had already been reduced by Gardjulis's time spent in jail after his initial arrest, and other tolling events. Consequently, as more than 200 days remained on the felony timeline, even with a reduction of time for days spent in jail and tolling from the initial misdemeanor charges, being the lesser of the two time periods, the trial court proceeded on Gardjulis's new 90 day speedy trial period, beginning when Gardjulis was served with notice of the returned misdemeanor indictment, on April 15, 2024. *Bonarrigo*, 62 Ohio St.2d 7, at 11.

{¶28} Gardjulis argues that instead, the trial court should have started the new time period, not when Gardjulis was served with the misdemeanor indictment, but when Gardjulis was charged with the initial misdemeanor charges in December 2023, that were later dismissed in January 2024. As there is no caselaw directly on point with respect to this issue, we find it logical to rely on the relevant, existing precedent within this State. The Fourth District Court of Appeals weighed in on a scenario inducing a similarly imbalanced result in *State v. Cattee*, 14 Ohio App.3d 239, 241-242 (4th Dist. 1983), noting that while the defendant is entitled to unjust delay, the prosecution too must be able to rely on limitations that exist prior to the grand jury reducing the charges:

> [W]here a felony complaint is filed, the accused is bound to the grand jury and an indictment charging a misdemeanor is

returned, the statutory time limitations respecting the misdemeanor shall apply *subject* to the requirement that the time for trial shall not exceed the statutory period for trial of the felony. Such qualification of the ordinary rule of time limitations for misdemeanor trials is necessary to prevent unjustified delay following arrest to the prejudice of the accused, but at the same time realistically allows the prosecution to rely, prior to grand jury action, upon the felony time limitations.

(Emphasis in original.) *State v. Cattee*, 14 Ohio App.3d 239, 241-242 (4th Dist. 1983). In other words, the *Cattee* court held that the 270-day time period triggered by the initial felony charges sets the outer time limit for the charges, including misdemeanors, arising from the same event. We go one step further and hold that when misdemeanor charges stem from a felony, that the subsequent misdemeanor charges must be brought to trial within 90 days of service on the misdemeanor charges or within the time remaining under the felony 270-day time period, whichever of the two is the lesser time period. *Sitko*, 2021-Ohio-788 at ¶ 46 (11th Dist.).

{¶29} Accordingly, in the present case, felony charges were filed on January 30, 2024, which extend the clock to 270 days from that date, prior to reduction for jail time served and tolling conditions, ultimately running until October 26, 2024. As Gardjulis was served with the indictment for misdemeanors, subsequent to those felony charges, on April 15, 2024, the time period then reset the clock to 90 days from that date, running until July 14, 2024. *Id.*

{¶30} Additionally, Gardjulis, pro se, filed a waiver until the next hearing date, which occurred on May 21, 2024. In so doing, Gardjulis tolled speedy trial for approximately 7 days, extending the speedy trial time period to July 21, 2024. On May

Case No. 2024-L-066

21, 2024, the trial court set the bench trial for July 29, 2024, 8 days outside of the required time period.

{¶31}  At oral argument the State conceded to exceeding the statutory speedy trial time requirement. We decline to accept the State's recitation of the facts with reference to the dates used for speedy trial, as our review of the record indicates otherwise.

{¶32}  In the instant matter, the trial court scheduled Gardjulis's trial outside of the speedy trial time period.[2] The State contends that Gardjulis acquiesced to that date. We agree. "When a trial date is set beyond the time limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 294572(H). *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 362 N.E.2d 1216; *State v. Tope* (1978), 53 Ohio St.2d 250, 374 N.E.2d 152. However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits." *State v. McRae*, 55 Ohio St.2d 149, 152, citing *State v. Singer*, 50 Ohio St.2d 103, 109. *See also State v. Davis*, 46 Ohio St.2d 444, 447. If the trial court extends the date beyond the statutory time limits, and the defendant acquiesces, so long as the extension was reasonable and that reasonableness was demonstrated by the record, the appellate court may affirm. *State v. Ramey*, 2012-Ohio-2904, ¶ 33, citing *McRae* at 152. On May 21, 2024, Gardjulis's attorney was presented with the trial date of July 29, 2024. Other dates were presented and rejected during the process of choosing

---

2. The lower court could have easily avoided this issue by requiring defendant or his counsel to file a motion to continue along with a speedy trial waiver. Alternatively, the lower court could also have gone on the record regarding the July 29, 2024 trial date and asked the defendant to confirm that the new date was granted per his request and that he waived any speedy trial objection arising from the new trial date.

the date. When July 29, 2024, was presented, defense counsel voluntarily agreed to that date even though it was demonstrated that he could have rejected the date and proposed another date, as had already been done during the interaction. As such, Gardjulis through his attorney, acquiesced to the date beyond the speedy trial time period. Such extension was reasonable, as required by R.C. 2945.72(H).

{¶33} Accordingly, the trial court did not err when it denied Gardjulis's motion for violation of speedy trial. Gardulis's sole assignment of error is without merit.

{¶34} For the foregoing reasons, the decision of the Willoughby Municipal Court is affirmed.


EUGENE A. LUCCI, J., concurs,

SCOTT LYNCH, J., dissents with a Dissenting Opinion.

_____

SCOTT LYNCH, J., dissents with a Dissenting Opinion.

{¶35} I respectfully dissent from the majority's opinion holding that there was no violation of Gardjulis' right to a speedy trial. There is a lack of authority from the courts of this state on this matter and the majority's approach creates a new rule for the application of speedy trial time. However, the language of the speedy trial statutes and the necessity to adopt a flexible approach consistent with the Eleventh District's general rule warrant a different outcome. Given the unique facts of this case, the speedy trial period for the misdemeanor offenses should include only those days remaining from the original 90-day period which commenced in December 2023.

Case No. 2024-L-066

**A "Wooden" Approach to Speedy Trial Time**

{¶36} A review of the case law in this state does not reveal authority directly on point with the issue raised in this matter but instead reveals slightly different approaches implemented where felony charges are decreased to misdemeanors. The majority correctly recognizes the existence of legal authority holding that the speedy trial period runs anew when a charged offense is later reduced to a lesser offense. *State v. Sitko*, 2021-Ohio-788, ¶ 46 (11th Dist.). *Sitko*'s approach contrasts with that adopted in *State v. Cattee*, 14 Ohio App.3d 239 (4th Dist.), where the Fourth District concluded that the State has until the expiration of the felony time to try the misdemeanor, regardless of the time remaining in that felony period. The Fourth District found that, a "wooden" or "strict" application of time limitations could lead to an improper result. It recognized the need "to prevent unjustified delay following arrest to the prejudice of the accused, but at the same time" allow the prosecutor to rely on the statutory periods to try a defendant. *Id.* at 242.

{¶37} The foregoing authority does not address the more unique question of how this principle would apply, if at all, when a misdemeanor arrest precedes a felony charge. Nonetheless, the majority's application of *Sitko* to these facts adopts a one-size-fits-all approach. Like the *Cattee* court noted, a "wooden" approach fails to recognize the concerns that can arise in unique speedy trial cases. Applying the *Sitko* approach of starting speedy trial anew fails to take into account the fact that the misdemeanor speedy trial time began running prior to the institution of the felony charge, a significant distinction. *Sitko* clearly stands for a fresh 90 days in the felony to misdemeanor scenario. Here, the charging of misdemeanor to felony and back to misdemeanor was never contemplated in

*Sitko*'s rationale. While *Sitko* is generally considered a flexible approach, it is wooden to apply *Sitko* to a totally different type of case that it never contemplated.

**Speedy Trial Time Should Resume from When Misdemeanor Charges were Dismissed**

{¶38} The unique circumstances of this matter, in contrast to *Sitko*, warrant a different approach. Instead of running the 90-day speedy trial period anew, the initial 90-day period should resume from the time it stopped, giving the State more than sufficient time to try Gardjulis. 54 speedy trial days elapsed from the time of Gardjulis' arrest on December 9, 2023, until dismissal of the charges on January 30, 2024. Counting these days when the speedy trial time began running again in April 2024, Gardjulis should have been tried well before July 29, 2024.

{¶39} The plain language of the applicable speedy trial statute, as well as Supreme Court authority, also support the conclusion that the State did not timely try this matter. R.C. 2945.71(B)(2) provides that a defendant charged with a first-degree misdemeanor shall be brought to trial within ninety days after his arrest or the service of summons. The statute provides for just one 90-day period, commencing at the time of the defendant's arrest. Further, the Ohio Supreme Court has recognized that a defendant should be given credit in a subsequent prosecution for the speedy trial time expended prior to a *nolle prosequi* on a misdemeanor offense. *See State v. Bonarrigo*, 62 Ohio St.2d 7, 11 (1980). These authorities recognize the principles underpinning the right to a speedy trial, which include the impairment of the accused's liberty and disruption caused by unresolved criminal charges. *State v. Triplett*, 78 Ohio St.3d 566, 568 (1997). Under the majority's interpretation of the speedy trial law, such purposes are not satisfied.

**Potential for Speedy Trial Abuse**

Case No. 2024-L-066

{¶40}  The majority's interpretation could give rise to potential prosecutorial abuse, a concern raised in other courts.  In *People v. McLean*, 709 N.Y.S.2d 339 (2000), a defendant was charged with a Class B misdemeanor, the offense was upgraded to a Class A misdemeanor, and it was then reduced again to a Class B misdemeanor.  The judge raised concerns with extending the time to proceed to trial merely because there was a change in the degree of charges.  The opinion observed that a prosecutor who was unprepared to proceed to trial may "instantly enlarge his/her speedy trial period by one-third merely by upgrading the top charge to a class A misdemeanor," knowing that he could ultimately reduce the charge again.  *Id.* at 344.  *See also People v. Vasquez*, 509 N.Y.S.2d 458, 463 (1986) ("a prosecutor may not vacillate at will with the charges" to avoid speedy trial considerations).  While there is no suggestion that the prosecutor acted improperly in this case, the potential for abuse is a valid concern when applying speedy trial laws.  *See State v. Broughton*, 62 Ohio St.3d 253, 256 (1991).

{¶41}  For the foregoing reasons, I respectfully dissent from the majority's opinion and would hold that Gardjulis' right to a speedy trial was violated.  In this case of first impression, the State should have been required to try Gardjulis within one 90-day speedy trial period commencing in December 2023, with credit for 54 days given when the period again began to run on April 23, 2024.

**JUDGMENT ENTRY**

For the reasons stated in the opinion of this court, the appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Willoughby Municipal Court is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
dissents with a Dissenting Opinion

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-L-066